NOVEMBER TERM, 1864.          445

Lewis *v.* The Central Insurance Company of Cincinnati and Others.

*W. Z. Stuart,* for appellant.

————————◆————————

LEWIS *v.* THE CENTRAL INSURANCE COMPANY OF CINCINNATI
and Others.

INSURANCE—CONDITIONS.—See opinion.

APPEAL from the *Floyd* Circuit Court.

FRAZER, J.—This was a suit upon a policy of insurance assigned to the plaintiff. The risk was upon a steamboat, alleged to have been wrecked on *Red* river. The policy contained express conditions: that, in case of any injury

insured against, the assured should not sell the wreck without the consent of the underwriter; and that the boat should be kept in a sound and sea-worthy condition, and sufficiently manned.

The answer contained a general denial. A jury was waived, and the issues tried by the court, the parties uniting in a written request to the judge "to make a special finding in the nature of instructions, showing the ruling of the court as to the points of law arising upon the evidence."

The court found some facts specially, and concluded by a general finding for the defendant, the insurance company. Among the facts specially found are these: That the master was the husband of the assured, and her agent who effected the insurance; that after the loss he made his protest, and forwarded it; sold the wreck without consent of the underwriter, and without awaiting an answer, having no reason therefor, only that he could not wait for such answer during the necessary time, (two weeks,) because of the great expense of living there; that such sale was not justifiable; that it was therefore a violation of the condition in the policy; that the court can not find from the evidence that the boat was kept in a sound and sea-worthy condition; and that the damage to the boat resulted from the fact that she was not provided with a competent pilot.

The special facts found, it can not be controverted, fully sustain the general finding for the defendant. The evidence is not in the record, and we can not therefore question the correctness of the finding.

The appellant controverts, in argument, some propositions of law contained in the finding of the judge; but we do not regard them as material to the decision of the case, in the condition of the record before us; and we have not, therefore, examined them. If upon these questions the court was wrong, still the case could not be reversed.

It will be readily seen that neither the parties nor the court took the course required by the statute to put the questions upon the record. 2 G. & H. 207, sec. 341.

Judgment affirmed, with costs.

*Thomas L. Smith* and *M. C. Kerr,* for appellant.

*R. & H. Crawford,* for appellees.