## ROBERTS *v.* SMITH.

SPECIAL ·FINDING.—*Signing.*—*Bill of Exceptions.*—Where a special finding under section 341 of the code is not signed by the judge or incorporated in a bill of exceptions, the Supreme Court will not review the decision of the court therein on the questions of law involved in the trial, or consider any question with reference to the sufficiency or insufficiency of such special finding to justify the judgment rendered by the court.

SAME.—*Motion for New Trial.*—Where such special finding is in accordance with the statute, the proper method of presenting to the Supreme Court the question of the sufficiency of the finding to justify the judgment is by exception to the decision of the court in its conclusions of law, and not by a motion for a new trial.

NEW TRIAL.—*Evidence.*—Where there has been no motion for a new trial on account of the insufficiency of the evidence, the Supreme Court will not review the action of the court below upon the facts.

APPEAL from the Franklin Circuit Court.

DOWNEY, J.—The appellee sued the appellant before a justice of the peace for work and labor. After judgment against the defendant before the justice of the peace, he appealed to the circuit court, where the case was, by agreement of the parties, tried by the court, without a jury. At the request of the defendant, the court made a special finding, and on that special finding rendered judgment for the plaintiff.

The special finding is not signed by the judge or incorporated in the bill of exceptions, and is not therefor such as to warrant us in reviewing his decision on the questions of law arising in the case. See *The Peoria, &c., Co.* v. *Walser*, 22 Ind. 73.

There was a motion for a new trial, for the following reasons: first, the judgment on the special finding of the court is contrary to law; second, the judgment of the court is contrary to the special finding of the court; third, the judgment of the court is not sustained by the special finding of the court.

As the special finding is not, as we have already seen, in any proper way before us, we cannot consider any question with reference to its sufficiency or insufficiency to justify the

judgment which was rendered by the court. The proper way to present this question to this court, where the finding is in accordance with the statute, as construed by this court, is by exception to the decision of the court in its conclusions of law. *City of Logansport* v. *Wright,* 25 Ind. 512; *Peden's Adm'r* v. *King,* 30 Ind. 181.

The evidence given in the case is set out in a bill of exceptions, but there was no application for a new trial on account of the insufficiency of the evidence, without which we cannot review the action of the circuit court upon the facts. *Shurtz* v. *Woolsey,* 18 Ind. 435; *Gray* v. *Stiver,* 24 Ind. 174.

The judgment is affirmed, with costs.

*T. B. Adams* and *F. Berry,* for appellant.

*H. C. Hanna, C. Moorman,* and *F. S. Swift,* for appellee.