## NASH v. CAYWOOD.

PRACTICE.—*Special Finding Without Request.*—A special finding will not be regarded as having been made under section 341 of the code, unless it appear to have been made at the request of one of the parties to the action, and it will be treated as nothing more than a general finding.

CONTRACT.—*Rescission.*—Where personal property is sold, and notes of a firm in which the vendor is a partner surrendered to him in payment, and by a subsequent contract between the vendor and his firm, the notes are cancelled, and afterward, the partnership having become bankrupt, the contract of sale is rescinded, and also the contract between the vendor and the firm, and the purchaser under the contract of sale agrees to file a claim against the estate of the bankrupt partnership, which one partner agrees to see paid if he lives, the rescission of the contract of sale is complete, although the notes delivered by the purchaser have not been returned to him, they having been destroyed.

APPEAL from the Hendricks Common Pleas.

DOWNEY, J.—Action by the appellant against the appellee to recover the possession of certain personal property, of which it is alleged that the plaintiff is the owner and entitled to the possession, and which he charged the defendant unlawfully detained from him, possession of which was demanded by him, and fifty dollars damages for the detention thereof.

The answer was, first, the general denial; and, second, property in the defendant and not in the plaintiff. Reply to the second paragraph in denial thereof. The cause was tried by the court, and there was a special finding, but it does not appear to have been made at the request of the parties or either of them. The court also stated its conclusions of law upon the facts found, but there was no exception to them. The plaintiff moved the court for judgment in his favor upon the special finding, but his motion was overruled, and he excepted. He then moved the court to grant him a new trial, and this motion was also overruled, and final judgment rendered for the defendant.

The errors assigned in this court are: ·

First. That the special findings are contrary to the evidence.

Second. The refusal to render judgment for the plaintiff on the special findings.

Third. The overruling of the plaintiff's motion for a new trial.

We cannot regard the special finding as having been made in accordance with section 341 of the code, because it does not appear to have been made by the request of the parties, or either of them, but must regard it as nothing more than a general finding. The facts are, that in January, 1870, Caywood purchased of Nash two horses, the property in question, for three hundred dollars, which he paid by the transfer to Nash of a note on one Potts, for twenty-seven dollars, a note for one hundred dollars on G. W. Nash & Brother, and the balance it was agreed should be paid in the note of Nash & Brother for one hundred and seventy-five dollars. On the same day Nash, the plaintiff, purchased of Nash & Brother another pair of horses, spoken of as "the mill team," in payment for which he surrendered to them the account and notes received from Caywood, which were then cancelled and torn up, the amount of the note of Potts being charged to him in his account with Nash & Brother. Soon after this Nash & Brother became bankrupt, and it became a question whether the sale by them of the mill team to Nash was valid or not. The plaintiff, the defendant, and George Nash, a member of the firm of Nash & Brother, met and agreed that both sales should be rescinded; that the plaintiff should have his horses back that he had sold to Caywood; that he should give up to the assignee in bankruptcy the mill team, and that Caywood should file a claim against the bankrupts' estate for the amount of the debts against them which he had transferred to Nash for the horses, including the amount of the note of Potts, George Nash promising, if he lived, to see the claim paid. The horses in question, according to this agreement, were redelivered by Caywood to Nash, and the mill team surrendered to the assignee in bankruptcy.

A few days after the redelivery of the horses, the defend-

Nash *v.* Caywood.

ant demanded the return of the horses or the note of the plaintiff, or of George Nash, which being refused, he went to the field, where the horses in question were being used by a hired hand of the plaintiff, and took the horses away from him. The plaintiff brought this action to recover the possession of them.

It appears that the judge of the common pleas was of the opinion that the agreement for the redelivery of the horses in question was without consideration, because the note and account in favor of Caywood against Nash & Brother, and the note of Potts, were not returned to Caywood at the time of the rescission. In this we think the court was in error. These papers had been destroyed, and hence could not have been returned, if such had been the contract. But it was no part of the contract that they should be returned, and it was not therefore necessary to return them if it had been possible. Caywood agreed to present a claim for the amount against the estate of Nash & Brother in bankruptcy, and that firm agreed, through George Nash, one of its members, that he should have such claim against them, and that he would see that it was paid, if he lived. There was no ground on which Caywood could demand the note of Nash, the plaintiff, for it was no part of the contract that he should have such note, nor was there any ground on which he could require the note of George Nash for the amount, for the same reason. He had agreed to look to the estate of the bankrupts for his pay, with the individual assurance of George Nash that the claim should be paid, if he lived. He got from the plaintiff what he agreed to take, and he should not demand anything more or different. The plaintiff gave up the "mill team" to the assignee, which he probably would not have done, but for the return to him of the horses in question.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.

*L. Ritter*, for appellant.