THE GROVER AND BAKER SEWING MACHINE CO. *v.* BARNES.

PRACTICE.—*Demurrer.*—*Supreme Court.*—The Supreme Court will not reverse a judgment for sustaining a demurrer to a good paragraph of a complaint when all the evidence admissible thereunder might have been introduced under a remaining paragraph of the complaint.

SAME.—*Exception.*—Where the record does not show an exception to the overruling of a demurrer, no question on such ruling can be presented to the Supreme Court.

SAME.—*Striking out Pleading.*—*Bill of Exceptions.*—A pleading struck out by order of the court cannot be made a part of the record, except by a bill of exceptions.

SAME.—*Special Finding Without Request.*—A special finding of facts by the court with conclusions of law upon them, made without request of one of the parties, must be regarded merely as a general finding.

From the Vigo Common Pleas.

*W. W. Rumsey, S. Claypool, J. L. Mitchell,* and *W. A. Ketcham,* for appellant.

*S. C. Davis, S. B. Davis, L. Barbour, C. P. Jacobs,* and — *Williams,* for appellee.

PETTIT, J.—The appellant brought an action of replevin against the appellee for two promissory notes. The complaint was in three paragraphs, and a demurrer for want of sufficient facts was sustained to the first, and this ruling is the first error assigned. If this paragraph was good, the sustaining of a demurrer to it did not harm or injure the appellant, and the error is not available here, for the reason that all the evidence that could have been given under it might properly have been given under the second and third paragraphs of the complaint.

The overruling of a demurrer to the second paragraph of the answer is assigned for error, but the record does not show that any exception was taken to that ruling; therefore, if the ruling was wrong, the error is not available in this court.

The striking out of the second paragraph of the reply is assigned for error. There is no bill of exceptions in the record showing what this paragraph was. After a pleading has been stricken out by order of the court, it is no longer a part of the record, unless made so by a bill of exceptions.

The Grover and Baker Sewing Machine Co. v. Barnes.

The fourth and last assignment of error is in these words: " Error of the court below in this, to wit, the conclusions of law deduced from the special findings of the court." The court found the facts specially, and the conclusion of law, and the last finding is in these words: " Upon these facts the court concludes that said notes were taken contrary to law, and therefore finds for the defendant." Neither party asked the court to find specially the facts, and under the former rulings of this court we can treat this finding only as a general finding for the defendant; and the evidence not being in the record, we cannot say that the finding was erroneous.

The judgment is affirmed, at the costs of the appellant.

### On Petition for a Rehearing.

Buskirk, C. J.—The judgment in this case was affirmed, for the reason that it did not appear from the record that the special finding of the court was rendered at the request of one of the parties. A rehearing is asked upon two grounds: First, that the special finding shows that it was rendered at the request of the plaintiff. Second, that the statute does not require that the record should show any request of the parties, or either of them. The special finding is copied into the transcript twice. The first time it has the words, " by request of plaintiff." The second time these words are omitted. After the petition for a rehearing was filed, the court, of its own motion, awarded a certiorari, requiring the clerk of the court below to certify a full and complete copy of the special finding, and the clerk in obedience to such writ certified the special finding, and from that it does not appear that it was rendered at the request of either of the parties. It therefore becomes necessary to determine whether a special finding which is rendered by the court, of its own motion and without being requested so to do by either of the parties, is valid as a special finding.

Counsel for appellant very earnestly insist that a special finding is valid, although not rendered at the request of the

parties, and state that such had been the uniform rule established by this court until the case of *Nash* v. *Caywood*, 39 Ind. 457, when a new rule, unauthorized by the statute, was laid down.

In this counsel are very much mistaken. The language of sec. 341 is : " Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial, in which case the court shall first state the facts in writing, and then the conclusions of the law upon them, and judgment shall be entered accordingly." 2 G. & H. 207. *Addleman* v. *Erwin,* 6 Ind. 494; *Spencer* v. *Russell,* 9 Ind. 157 ; *The Indianapolis Ins. Co.* v. *Mason,* 11 Ind. 171 ; *Lewis* v. *The Central Ins. Co.,* 23 Ind. 445 ; *Smith* v. *Jeffries,* 25 Ind. 376 ; *The City of Logansport* v. *Wright,* 25 Ind. 512; *Fitzgerald* v. *Genter,* 26 Ind. 238; *Rathburn* v. *Wheeler,* 29 Ind. 601 ; *Luirance* v. *Luirance,* 32 Ind. 198 ; *Roberts* v. *Smith,* 34 Ind. 550 ; *Milligan* v. *Poole,* 35 Ind. 64; *Cruzan* v. *Smith,* 41 Ind. 288; *Curry* v. *Miller,* 42 Ind. 320.

The language of the statute is, " unless one of the parties request." This language is so plain and direct as to leave but little to construction. The rule as laid down in *Nash* v. *Caywood, supra,* has been practically recognized as the settled rule from the time the code went into effect. In all of the foregoing cases the record shows that the special finding was rendered at the request of one of the parties, and the court uniformly quoted the language of the section as though it was conclusive on the point.

In *Cruzan* v. *Smith, supra,* this court say :

" To present a question for review in this court, under the above section of the statute, four things must concur ; first, one of the parties must request the court to find the facts specially, with the view of excepting to the decision of the court upon the questions of law involved in the trial; second, the court must state the facts in writing ; third, the conclusions

of the court upon the questions of law arising upon the facts found must be stated, and judgment must be entered accordingly; fourth, there must be an exception to the decision of the court."

It is thus made apparent that the court, as at present constituted, has established no new rule of practice, and that the original judgment in this case was in accordance with the long and well settled rules of practice in this court.

The petition is overruled.