The Board of Commissioners of Clarke Co. *v.* The State, *ex rel.* Lewis.

————♦————

THE BOARD OF COMMISSIONERS OF CLARKE CO. *v.* THE STATE, EX REL. LEWIS.

MANDATE.—*Process.—Service of.—County Commissioners.—Statute Construed.*—In an action against a board of county commissioners, to compel, by mandate, the performance of an official duty, it is contemplated by section 740 of the practice act, 2 R. S. 1876, p. 297, that the original of the writ shall be delivered by the sheriff to the defendant.

SAME.—Service of such writ, in such case, on the president of the board, is sufficient, without any service thereof upon the other members.

SAME.— *Waiver.*—If service be necessary, in such case, on the other members of the board, it is sufficient to read and deliver to them certified copies of the writ but delivery of such copies may be waived.

SAME.—*Sheriff's Return.*—The sheriff, in such case, should make his return of service on the defendant upon a certified copy of such writ.

NOTICE.—*Adjourned Term of Court.—Time.—Publication.*—Notice of the holding of an adjourned term of court, published once in a newspaper of the county of general circulation, prior to the convening of such term, is sufficient under the statute, Acts 1877, Reg. Sess., p. 28, though the time elapsing between the giving of the notice and the meeting of such term be but two days.

SAME.—*Proof of Notice.*—Where such notice is ordered to be published in a certain "newspaper of general circulation, published in" the proper county, an affidavit by the publisher of such newspaper that such notice was published "in the issue of said paper" of a date preceding such term, is sufficient proof of notice.

MANDATE.— *Writ.—Return.—Pleading.*—A writ of mandate is in the nature of a complaint, to which the return, in the nature of an answer, may be filed.

SAME.—*Demurrer.—Practice.*—The sufficiency of such writ may be properly tested by demurrer.

SAME.—*Jurisdiction.—Parties.—Relator.—Discretion of County Commissioners.—Relocating County Seat.*—A writ of mandate was issued against the board of commissioners of a county, in an action by the State on the relation of a citizen and tax-payer of such county, based upon an affidavit by the relator, that, though more than a year prior thereto the county seat had

been removed and new county buildings erected, the board had refused to remove to the new county seat the books, papers and furniture of the different county offices and the circuit court.

*Held*, on demurrer, that the court had jurisdiction of the defendant and the subject-matter, that the affidavit was sufficient, that such tax-payer was a proper relator, and that the board had no discretion in relation to the removal sought for.

SAME.—*Answer.*—An answer in such case, alleging that the board had set aside its order for. the removal of the county-seat because of fraud and irregularity in 'the procuring of such order, is insufficient, because such board has no power to afterwards set aside an order for the relocation of the county seat.

SAME.—Any defence to the making of an order for the relocation of a county seat must be made at the time the petition therefor is pending.

SAME.—*Pleading.*—The return to the writ may traverse the facts therein alleged, as well as set up matter in avoidance.

SAME.—*Practice.*—A return in such ' action by the members of the board personally, and not as a board, is insufficient, and may be struck out on motion.

From the Floyd Circuit Court.

*A. Dowling, M. C. Hester* and *J. B. Brown,* for appellant.
*J. H. Stotsenburg* and *D. C. Anthony,* for appellee.

WORDEN, J.—This was a writ of alternative mandate, issued at the suit of the appellee, against the appellant; and such proceedings were had as that judgment was rendered for the plaintiff on the sustaining of a demurrer to the first paragraph of the return to the writ, the defendant declining to make further return.

The following errors are assigned:

"1. The court erred in overruling the appellant's motion to set aside the service of the writ of mandate.

"2. The court erred in overruling the appellant's exceptions and objections to the jurisdiction of the Honorable Kendall M. Hord in this cause.

"3. The court erred in overruling the appellant's motion to quash the writ of mandate.

"4. The court erred in overruling the appellant's demurrer to the writ of mandate.

"5. The court erred in sustaining the demurrer to the first paragraph of the return to the writ of mandate.

" 6.   The court erred in sustaining the appellee's motion to strike out the second paragraph of the appellee's return to the writ of mandate."

These supposed errors we will proceed to consider in their order, stating so much of the case as is necessary in order to an understanding of the questions involved.

The writ was issued upon the relation, and at the instance, of Felix R. Lewis, a citizen and tax-payer of the county of Clarke, upon a proper affidavit, and recited the various steps taken for the removal of the county seat of said county from the town of Charlestown to the city of Jeffersonville, showing the removal of the county seat from the former to the latter place, and the completion of the county buildings at the latter place a year or more before the institution of the proceedings.   The writ showed that the law had been in all respects complied with in relation to the removal of the county seat, but that the board of commissioners had refused to cause the books, papers and furniture of the several county offices, and of the several courts of the county, and of the county prison, and the occupants of such prison, to be removed to the new buildings, and required the board to cause such removal to be made, or to show cause why it should not be done.

The application was made for the writ to the Clarke Circuit Court, in term, but the Judge of that court, the Hon. John S. Davis, having been of counsel in matters connected with the proceeding, declined to preside in the cause; and there not being time at that term of the court for the hearing of the matter, he called an adjourned term of the court for that purpose, to be held November 17th, 1877, and appointed the Hon. Kendall M. Hord, Judge of the 16th Judicial Circuit of the State, to preside.   The court also ordered that notice of the adjourned term be published in the " National Democrat, a weekly newspaper of general circulation, published in the county

of Clarke and State of Indiana." This order was made November 10th, 1877.

On November 17th, 1877, the court met pursuant to the above order, the Hon. Kendall M. Hord occupying the bench, having produced and spread upon the order book his appointment by the Hon. John S. Davis. The affidavit of the editor and publisher of the "National Democrat" was also produced and spread upon the order book, showing that notice of the holding of said adjourned term had been published in that paper in the issue dated November 15th, 1877.

Thereupon the court, on motion, ordered the issuing of the alternative writ, returnable on December 10th, 1877, at which time the cause was set for hearing, and to which time the court adjourned.

December 10th, 1877, the court met pursuant to adjournment, Judge Hord occupying the bench, and the sheriff made his return to the service of the writ. The sheriff's return of service was made upon a certified copy of the writ, and showed that he had read and delivered the original to Charles Rueff, president of the board of commissioners; that he had read the original to John Beggs, another of the commissioners, and had delivered to him a certified copy thereof, and that he had read the writ to Cornelius Beck, the other commissioner, who waived the service of a copy. The service was made November 21st, 1877.

We have thus stated enough of the case to develop the questions arising upon the first and second assignments of error.

We do not find, upon consulting the brief of counsel for the appellant, that any objection is therein made to the manner of the service of the writ or the sheriff's return of such service.

We are of opinion, that the service and return thereof were clearly good. The statute contemplates that the original of the writ shall be delivered to the defendant.

2 R. S. 1876, p. 297, sec. 740. Therefore it was proper that the sheriff should make his return upon a certified copy, he having delivered the original to the defendant. And it seems to us, in analogy to the statute providing that process against a corporation may be served on the president, presiding officer, etc., that the service in this case would have been good had it been made only upon the president of the board, to whom the original of the writ was delivered. But, if it were necessary that service should be made upon the other members of the board, the service upon them, by reading the original and delivering to them a copy, was, in our opinion, sufficient.

The statute must be so construed, if possible, as to be capable of execution. Where there is more than one defendant, the sheriff can not deliver the original to each of them; and, in such case, the delivery of the original to one, and a certified copy to each of the others, must, from the necessity of the case, be held sufficient. The waiver of the copy by one of the members of the board was equivalent to the delivery to him of such copy.

This disposes of the first assignment of error.

The second assignment relates to the jurisdiction of Judge Hord in the case.

It is objected under this assignment that there was no sufficient notice given of the adjourned term held on Nov. 17th, 1877, when the writ was awarded, and therefore that Judge Hord had no jurisdiction in the matter.

The counsel for the appellant say : " The objections to the notice of this adjourned term are three-fold :

" 1st. The order of the Clarke Circuit Court did not prescribe the time of the notice, nor the number of insertions in the newspaper;

" 2d. The notice was insufficient in time;

" 3d. The proof of notice was defective."

These objections, in our opinion, are not well taken.

The statute provides that notice of the adjourned term

"shall be published in some newspaper of general circulation in the county." Acts 1877, Reg. Sess., p. 28.

The law did not require the court to fix the time of the notice, nor prescribe the number of insertions in the paper. Indeed, the law did not require more than one insertion of the notice. If the notice was published in a newspaper of general circulation in the county, before the holding of the adjourned term, the requirement of the statute was met. The time elapsing after the publication of the notice, and before the meeting of the court, two days, was rather short; but we can not say, that, therefore, the notice was insufficient. As the Legislature did not prescribe that notice should be published for any particular length of time before the holding of the adjourned term, we can not say that the time in this case was not sufficient to give the court jurisdiction of the matters then pending before the court.

The objection made to the proof of the notice is, that the affidavit states that the notice was published in the paper "in the issue of said paper dated Nov. 15, 1877."

It is claimed that the affidavit should have shown more clearly when the paper containing the notice was published. It is said that the date of the paper may or may not have been the true time of the publication thereof. And we are referred to section 287, 2 R. S. 1876, p. 152, for a statutory provision requiring such affidavit to state " the time when, and the paper in which the notice was published."

We think it may be presumed, however, the contrary not appearing, that a newspaper was published at or before the time of its date. We think the affidavit sufficient, as showing *prima facie* that the publication was made on or before Nov. 15th, 1877.

This disposes of the second assignment of error. We now pass to the third and fourth, which may be considered together, as has been done in the brief of counsel for the appellant.

We see no ground for the motion to quash the writ; and none has been pointed out except what has been considered in relation to the notice of the adjourned term of the court, and except such matters as properly arise on the demurrer to the writ.

We therefore proceed to the consideration of the demurrer.

The writ must be taken as in the nature of a complaint in the cause, to which the return, in the nature of an answer, may be filed. 2 R. S. 1876, p. 297, secs. 742, 743, 744; Moses Mandamus, 206.

The writ must therefore show what is claimed, and the ground upon which the claim is made; and the facts stated must be sufficient in law to entitle the party to the writ.

It follows that the sufficiency of the writ may be tested by a demurrer.

The defendant filed a demurrer to the writ, stating as causes therefor:

1st. That the court had no jurisdiction of the defendant;

2d. That the court had no jurisdiction of the subject of the action;

3d. That the relator had not the legal capacity to sue; (We do not find any 4th cause in the record.)

5th. That the writ does not state facts sufficient, etc.

The court had jurisdiction over the defendant, and also over the subject of the action.

The relator was a citizen and tax-payer of the county, and had the capacity and the right to sue in the action, if the facts in the case gave him the right as such citizen and tax-payer to have the books, papers, etc., removed to the new buildings.

This brings us to the question whether the writ stated facts sufficient. In examining the brief of counsel for the appellant, we do not find any objection pointed out

as to the want of facts, except that the removal of the books, papers, etc., was a matter which lay in the discretion of the board.

The writ, it seems to us, stated all the facts necessary to give the relator, as such citizen and tax-payer, the right to have the removal made, unless the matter lay in the discretion of the board.

The 6th section of the act on the subject of the relocation of county seats, 1 R. S. 1876, p. 379, provides, that, "So soon as said buildings are completed, at the end of one year named in section third of this act, the county commissioners shall cause all the books, papers, and furniture of the several county offices, and of the several courts of the county, and of the county prison, and the occupants of such prison, to be removed to such new buildings, and from the time of such removal such new site shall become, and be held and treated as the seat of justice of such county."

It is quite clear, that this statute imposes an imperative duty upon the board of commissioners, concerning which they have no discretion to exercise. When the necessary facts have occurred, it is not for the board to say, in their discretion, whether they will or will not cause the removal to be made. There are many things left to the determination of the county boards, in which they may act according to their own judgment and discretion, in respect to which the courts can not, and will not, attempt to control their action; but this is not one of those things. Here is an imperative *duty* imposed upon the board to cause the removal to be made, and a corresponding *right* is vested in each citizen and tax-payer of the county to have the removal made.

We are of opinion, that the motion to quash the writ and the demurrer thereto were properly overruled.

Before the defendant made return to the writ, a change of venue was taken from the county, and also a change from the Judge, and the cause was sent for trial to the

county of Floyd, and the Hon. SAMUEL E. PERKINS, one of the Judges of this court, was called to try the same.

In the Floyd Circuit Court, the defendants filed a return, by way of answer, to the writ, the first paragraph of which we copy from the appellant's brief, as follows :

" The first paragraph of the return states that the board had never made an unconditional order refusing to remove the records, etc., as charged in the writ, and that there was no such record as that alleged in the writ. It further stated that before the relator of the plaintiff demanded the passage of the order for the removal of the records, etc., a petition duly verified, had been filed before, and presented to, the board, charging that the original petition for relocation had not been signed by the requisite number of qualified petitioners; that many of the names on the original petition were forged and fictitious; that the title to the grounds on which the new buildings were situated was defective; that all previous orders in the matter of the relocation of the county seat had been wrongfully and fraudulently obtained by collusion between the petitioners for such relocation and the board as then constituted; that the board caused notice of this petition to be given to the original petitioners; that it had investigated the matters stated in the last named petition, and had found them true; and that it had thereupon set aside and vacated all previous orders in the said proceeding."

This paragraph of return seeks to set up affirmative matter in avoidance of the writ, and was, in our opinion, entirely insufficient. The demurrer to it, therefore, was correctly sustained.

We find no authority conferred upon the board to set aside, at a subsequent term, the orders made at a previous term in relation to the removal of county seats, on the ground of fraud. The statute confers upon the board no such authority. The board of commissioners is a court of inferior and limited jurisdiction, and it can

exercise such powers, and such only, as are conferred upon it.

The action of the board, in setting aside and vacating their former orders in the proceeding, was a nullity, for the want of power; and such action did not take away any rights that had accrued under the orders thus attempted to be vacated and set aside. The Legislature made ample provision for contesting the removal of county seats while the matter is pending before the boards. The statute provides, " That any person opposed to such relocation may appear and defend against the application, and may controvert the facts which the applicants are bound to prove, and for that purpose may show that any of the petitioners are not voters, or did not sign the petition, or have afterwards signed a remonstrance against the same," etc. 1 R. S. 1876, p. 376, sec. 2.

Thus, provision is made for defending against the application for the relocation, while the proceeding is *in fieri;* but no authority is conferred upon the board to set aside, upon a subsequent proceeding and at a subsequent term, its former orders in relation to such relocation.

This brings us to the sixth and last error assigned.

The following paper was filed in the cause, and struck out on motion of the plaintiff, viz.:

" 2. And for further return to said alternative writ, these respondents say that they deny each and every material allegation of said writ.

(Signed,)        " JOHN BEGGS,<br>" CHARLES RUEFF."

It must be conceded, that the defendant, by its return to the writ, had a right to traverse, and thereby put in issue, the facts alleged therein. The return can traverse the facts alleged in the writ, as well as set up facts in avoidance thereof. See *The Commercial Bank of Albany* v. *The Canal Commissioners,* 10 Wend. 25.

But the defendant in this case was the Board of Commissioners of Clarke County, a corporation established by

the laws of the State. The paper filed did not purport to be filed by the defendant. John Beggs and Charles Rueff were not defendants to the action, though they were members of the board of commissioners. The paper filed purports to be the personal act of Beggs and Rueff, and not the act of the board of commissioners. The court therefore properly struck it out, as not having been filed by the defendant in the action.

We find no error in the record.

The judgment below is affirmed, with costs.

NOTE.—HOWK, J., was absent when this cause was considered.

Petition for a rehearing overruled.