SMITH, SCHOOL TRUSTEE, *v.* JOHNSON ET AL., SCHOOL TRUSTEES.

MANDATE.—*Pleading.—Practice.—Supreme Court.—Record.*—The alternative writ of mandate, when issued, becomes and constitutes the plaintiff's complaint or cause of action ; upon it issues of law or fact may be joined as upon the complaint in other cases ; and when an appeal is taken to the Supreme Court, it ought to be set out in the record.

SAME.—*Trial without Issue.— Waiver.—Resumption.*—When the record fails to show that any action was had or asked for below, upon the omission to reply or demur to the special paragraphs of the return to a writ of mandate, and the parties go to trial without issue joined on such paragraphs, the Supreme Court will presume that a reply was waived.

PRACTICE.—*Special and General Findings.*—A special finding of the facts and the conclusions of the law thereon, under section 341 of the code, 2 R. S. 1876, p. 174, can only be made at the request of one or both of the parties, and it must be in writing, signed by the judge ; and, when not thus made and signed, the finding will be regarded as general and not special.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant.

*G. G. Reily, W. C. Johnson* and *W. C. Niblack,* for appellees.

Howk, C. J.—This cause is now before this court for the second time. When it was first here, the opinion and

decision of this court, reversing the judgment below, will be found reported under its then title of *Johnson et al., School Trustees*, v. *Smith, School Trustee*, 64 Ind. 275.

The question in the case then presented for our decision was whether or not the alternative writ of mandate, which had been issued below, was sufficient to withstand the demurrer thereto for the alleged want of facts of the defendant, Isaac Smith. The conclusion of this court then was, that the alternative writ of mandate was sufficient, and accordingly the judgment below was reversed, and the cause was remanded, with instructions to overrule the defendant's demurrer to the alternative mandate.

The record now before us shows that, upon the return of the cause to the circuit court, the defendant's demurrer was overruled by the court, " and the defendant now files his return to the writ of mandate herein issued." This writ of mandate is not, but ought to have been, set out in the record; for, under the provisions of the practice act and the decisions of this court, the alternative writ of mandate, when issued, becomes and constitutes the plaintiff's complaint or cause of action, and upon it issues of law or fact may be joined, as upon the complaints in other cases. 2 R. S. 1876, p. 298, sec. 749, *et seq.; The Board, etc., of Clarke County* v. *The State*, 61 Ind. 75 ; *The Board, etc., of Boone County* v. *The State*, 61 Ind. 379 ; *Jessup* v. *Carey*, 61 Ind. 584 ; and *Johnson* v. *Smith, supra.*

The appellant's return or answer to said alternative mandate contained ten paragraphs, of which the third was a general denial, and each of the other paragraphs set up and relied upon affirmative or special matters, as a defence to this action. This return or answer appears to have been filed on the 7th day of November, 1879. No rule or order was asked for by the appellant, or entered by the court, requiring the appellees to reply to the special or affirmative paragraphs of said return or answer, and the

record fails to show that they ever replied or demurred to said paragraphs, or either of them. After the filing of said return or answer, the next proceeding in the case, set out in the transcript filed in this court, appears to have been had on the 29th day of November, 1879, and commences, after giving the title of the cause, as follows:

" Come the plaintiffs, by Reily, Johnson & Niblack, their attorneys, and the defendant comes by his attorneys, and this cause is submitted to the court for trial, and having heard all the evidence the court now finds," etc. Then follows what is apparently a written finding, prepared by the court, upon which finding the appellees moved the court for a certain specified judgment, which motion was overruled, and to this ruling they excepted. The appellant then moved the court for a judgment generally in his favor, which motion was also overruled, and to this decision he excepted. Of its own motion the court then rendered a judgment, upon its finding, for a peremptory mandate against the appellant, requiring him to pay forthwith to the appellees, as trustees of the school town of Monroe City, a certain sum of money as its proportionate part of the common school revenue for tuition, received by the appellant as trustee of the school township of Harrison, from the treasurer of Knox county, on the 10th day of June, 1878, and that, as to that fund, the appellees recover of the appellant their costs in this action expended, and that the appellees' suit for the proportionate share of said school town of the revenue for tuition from the Congressional township school fund, be dismissed at their costs. To the judgment thus rendered, the appellees and appellant alike excepted, and this appeal therefrom is now prosecuted by the defendant below, as appellant.

There was no motion for a new trial by either party, and the evidence on the trial is not in the record.

Errors and cross errors have been assigned by the par-

ties in this court, but we need not set them out, as it seems to us that the transcript of the record now before us is too imperfect and incomplete to present properly any question for our decision. We have already shown that the appellees' complaint or cause of action is not in the record. This omission we might, and perhaps would, overlook, as we did when the case was first before this court, if the record were otherwise complete. But, as we have seen, no issue either of law or of fact was joined by the appellees on any of the special or affirmative paragraphs of the appellant's return or answer to the alternative mandate. In such case, however, when the record fails to show that any action was had or asked for below upon the omission to reply or demur, and the parties try the cause without issue joined on the special paragraphs, this court will presume, as we do now, that the filing of a reply was waived. This has been the settled rule of practice in this court for many years. *Earnhart* v. *Robertson*, 10 Ind. 8; *Waugh* v. *Waugh*, 47 Ind. 580; *Purdue* v. *Stevenson*, 54 Ind. 161; and *Bass* v. *Smith*, 61 Ind. 72.

The record shows that the court had apparently prepared on the trial of this case a written finding, which is set out at length in the transcript. This finding, though quite long and carefully prepared, is nothing more, in a legal sense, than a general finding. It can not be regarded as a "special finding," under section 341 of the practice act, for it was not made at the request of either party, nor was it signed by the judge. 2 R. S. 1876, p. 174; *Nash* v. *Caywood*, 39 Ind. 457; *Conwell* v. *Clifford*, 45 Ind. 392; and *Caress* v. *Foster*, 62 Ind. 145. This rule of practice, which provides that a special finding of the facts and the conclusions of the law thereon, under said section 341 of the code, can only be made at the request of one or both of the parties, and which requires that the same must be in writing and signed by the judge, has been settled by an

unbroken line of the decisions of this court running through the last quarter of a century. The appellant's counsel claim that the rule is technical, but the same might be said of most of the rules of practice. The rule seems to us to be a reasonable one, and we can see no reason why it should not be adhered to in this case; and especially so, as the appellees' counsel earnestly insist, in their brief of this cause, that, by reason of this defect, no question has been properly saved or is properly presented, in and by the record, for the decision of this court. So it seems to us, and so we must decide.

The judgment is affirmed, at the appellant's costs.