question presented. The answer avers, and the demurrer admits, that "the only description contained in the mortgage is: "Two mule colts one year old next spring." There are no circumstances of identity stated, neither locality, ownership, nor anything else affording means of identification. The description we have given stands alone and unaided. We hold such a description as that contained in the mortgage and stated in the answer, to be insufficient. If it were aided by any circumstance or matter of identification which would enable the description to be made certain by parol evidence it would be otherwise.

A copy of the mortgage is filed with the answer, but as it does not constitute the foundation of the paragraph, we can not examine it, either for the purpose of sustaining or overthrowing the pleading.

Judgment affirmed.

---

### PETER MARTIN, SEN., V. LOUIS MARTIN AND WIFE.

1. *Bill of Exceptions—Evidence.*—There is no exception to the rule that on appeal the evidence must be embodied in a bill of exceptions, whether such evidence consists of oral testimony, writings, documents, agreed facts, or other modes of proof.

2. *Exceptions to Conclusions of Law.*—It is only when a special finding is made at the request of one of the parties or both, that exceptions to the conclusions of law stated present any question for the Supreme Court to consider.

3. *Exceptions to the Form of Judgment.*—These must be made at the time the judgment is entered, so as to call the attention of the court below to the matter of modification or correction.

Filed April 27, 1881.

Appeal from Posey Circuit Court.

Alvin P. Hovey and G. V. Menzies, for appellant, cited *Watson v. Clendennin*, 6 Blackf. 478; *Gibson v. Crehore*, 5 Pick. 146; *Cass v. Martin*, 6 N. H. 25; *McCabe v. Billows*, 7 Gray, 148; *Brown v. Lapham*, 3 Cush. 551, as to widow's rights under a mortgage; also, 4 Kent. Com. 44; *Snyder v. Snyder*, 6 Mich. 470; *Keith v. Trapier*, 1 Bailey's Ch. 63; *Kemp v. Mitchell*, 36 Ind. 254; *Coombs v. Carr*, 55 Ind. 309; *Kissler v. Eaton*, (April, 1879).

William P. Edson, for appellees, cited *Reasoner v. Edmundson*, 5 Ind. 394; *Francis v. Porter*, 7 Ind. 213; *Morton v. Noble*, 22

Ind. 160; *Grabble* v. *McCulloh*, 27 Ind. 472; *Knarr* v. *Conway,* 42 Ind. 264, as to what a mortgage is; *Fletcher* v. *Holmes*, 32 Ind. 513, as to what a foreclosure suit is; *Day* v. *Patterson*, 18 Ind. 116, as to necessary parties in foreclosure; *Folz* v. *Peters*, 16 Ind. 246; 1 Wash. on Real Prop. pp. 228, 229; *Matthews* v. *Aiken*, 1 N. Y. 603; *McKinstry* v. *Curtis*, 10 Paige, 503; *Russel* v. *Allen*, 10 Paige, 249; *Cox* v. *Wheeler*, 7 Paige, 248; *Tice* v. *Annin*, 2 John. Ch. 125; *Coates* v. *Cheever*, 1 Cowen, 479; *Gardner* v. *Astor*, 3 Johns. Ch. 53; *Atherton* v. *Toney*, 43 Ind. 213; *Spray* v. *Rodman*, 43 Ind. 229, as to merger and extinguishment of mortgage debt; *Jones* v. *Stanton*, 11 Miss. 433; *Gray* v. *Bates*, 3 Strobh. Eq. 24; *Watkins* v. *Eaton*, 30 Me. (17 Shep.) 529; 1 Wash. Real Prop. p. 686, as to contribution between tenants in common; *Jackson* v. *McCall*, 3 Cowen, 80; *Smith* y. *Allen*, 1 Blackf. 24; *Doe* v. *Horn*, 1 Ind. 365; *West* v. *Townsend*, 12 Ind. 435; *Doe* v. *Herrick*, 14 Ind. 247; *Bellows* v. *McGinnis*, 17 Ind. 64; *Ashley* v. *Ebberts*, 22 Ind. 57; *Gale* v. *Parks*, 58 Ind. 119, as to sheriff's deed relating back to the sale; *Fletcher* v. *Holmes*, 25 Ind. 465; *Kemp* v. *Mitchell*, 36 Ind. 256; *Swift* v. *Ellsworth*, 10 Ind. 211; *Douglass* v. *Howland*, 11. Ind. 555; *Draper* v. *Van Horn*, 12 Ind. 353; *Nofsinger* v. *Reynolds*, 52 Ind. 219; *Davis* v. *Langsdale*, 41 Ind. 400; *Applegate* v. *Mason*, 13 Ind. 76; *Williams* v. *Perry,* 20 Ind. 437; *Aiken* v. *Bruen*, 21 Ind. 137; *Watts* v. *Palmer*, 4 Ind. 576; *Francis* v. *Porter*, 7 Ind. 216; *Phillips* v. *Richards*, 3 Ind. 402; *Mitchell* v. *Johnson*, 60 Ind. 25; *Morton* v. *Noble*, 22 Ind. 162; *Grabble* v. *McCulloh*, 27 Ind. 472; *Strong* v. *Clem*, 12 Ind. 37; *Franz* v. *Harrow*, 13 Ind. 507, to the effect that a foreclosure is subject to the equities of the parties; *May* v. *Fletcher*, 40 Ind. 584; *Verry* v. *Robinson*, 25 Ind. 19, as to a wife's inchoate interest in lands; Story's Eq. § 1233a; *Alsop* v. *Hutchings*, 25 Ind. 351; *McCullum* v. *Turpie*, 32 Ind. 148; *Sidener* v. *White*, 46 Ind. 590; *Aiken* v. *Bruen*, 21 Ind. 139, as to marshaling rights of priority between different incumbrancers and purchasers; *Atherton* v. *Toney*, 43 Ind. 213; *Shuler* v. *Hardin*, 25 Ind. 386; *Spray* v. *Rodman*, 43 Ind. 229, as to purchasing subject to an incumbrance; 1 Hill on Mort. p. 335; *Shuler* v. *Hardin*, *supra; Atherton* v. *Toney*, 43 Ind. 213, to the effect that mortgaged land sold on execution against the mortgager, as between him and the purchaser, becomes the primary

fund for the payment of the mortgage; *Wright* v. *Crump*, 25 Ind. 342, *et seq; Peet* v. *Beers*, 4 Ind. 48, as to respective rights of primary and secondary sureties; *Peckham* v. *Hadwin*, 8 R. I. 160, as to wife's being a surety for the debt by signing the mortgage to release dower; 1 Hill on Mort. p. 220; *Brick* v. *Scott*, 47 Ind. 302, as to the mortgage being only an incident attached to the debt; *Curren* v. *Driver*, 33 Ind. 481; *Martin* v. *Noble*, 29 Ind. 218; *Key* v. *Addicks*, 8 Ind 521, as to wife's right to plead the secondary liability of her third interest after it has become her separate property by sale of the mortgaged property on execution against the husband; *May* v. *Fletcher*, 40 Ind. 584; *Johnson* v. *Miller*, 47 Ind. 378, as to how a wife takes her third; *Lockhart* v. *Mason*, 21 Ind. 171; *Perry* v. *Burton*, 25 Ind, 274; *Newcomer* v. *Wallace*, 30 Ind. 216; *Kirkpatrick* v. *Caldwell*, 32 Ind. 299; *Hunsucker* v. *Smith*, 49 Ind. 114; *Weakly* v. *Conradt*, 56 Ind. 431; *Morgan* v. *Sackett*, 57 Ind. 583, as to widow's right to protection from mortgages she has signed; *Goodall* v. *Mopley*, 45 Ind. 359; *Baker* v. *Armstrong*, 57 Ind. 191; *Bennett* v. *Preston*, 17 Ind. 293; *Eaton* v. *Burns*, 31 Ind. 391; *Hunter* v. *McCoy*, 14 Ind. 528, as to relief under general prayer in foreclosure; 1 Wash. Real Prop. p. 301 *Sheaf* v. *O'Niel*, 9 Mass. 13; *Crode* v. *Ingraham*, 13 Pick, 35; *Strong* v. *Bragg*, 7 Blackf. 62; *Grimes* v. *Wilson*, 4 Blackf. 334; *Grossman* v. *Louber*, 29 Ind. 622; 2 Wash. Real Prop. p. 100; *Maynard* v. *Hunt*, 5 Pick. 240; *Butler* v. *Page*, 7 Met. 40; *Furbish* v. *Goodman*, 9 Fost. 324; *Doe* v. *Grimes*, 7 Blackf. 1; *Doe* v. *Mace*, 7 Blackf. 2; *Givan* v. *Doe*, 7 Blackf. 210; *Fletcher* v. *Holmes*, 32 Ind. 510, as to former and present laws relating to a widow's interest in lands; 1 Wash. on Real Prop. p. 297, and cases cited, as to widow's right as equitable assignee of mortgage; also *McMahon* v. *Kimball*, 3 Blackf. 13, note 5; *Robinson* v. *Fife*, 3 Ohio St. 565; *Atherton* v. *Toney*, 43 Ind. 214; *Whitehead* v. *Cummings*, 2 Ind. 58; *McArthur* v. *Franklin*, 16 Ohio St. 209; *Fry* v. *Mitchell*, 15 Ala. 810; *Russel* v. *Austin*, 1 Paige Ch. 192; *Lyman* v. *Little*, 15 Vt. 576; *Chiswell* v. *Morris*, 1 McCarter, N. J. 101; *Hinds* v. *Ballow*, 44 N. H. 619; *Norris* v. *Harrison*, 45 N. H. 490; *Bradley* v. *George*, 2 Allen, 392; *Barbour* v. *Barbour*, 46 Me. 9, as to widow's redeeming mortgage by paying it and holding it as equitable assignee, and also *Delabigaire* v. *Bush*, 2 Johns. 504.

Opinion of the court by Mr. Justice Woods.

Suit by appellant against the appellees to foreclose a mortgage executed by them upon the land of the defendant Louis, his wife having no interest therein, except as wife.

Answer in general denial, and a separate answer by way of cross-complaint by the defendant Elizabeth. To this the appellant demurred, on the ground that the same "does not state facts sufficient to prevent said plaintiff from foreclosing said mortgage for the full amount of the debt due thereon."

No such cause for demurrer is known to the statute, or should be recognized in practice. The exception to the overruling thereof presents no question. Buskirk's Practice, 180. The pleading to which the demurrer was addressed was not used, nor perhaps designed "to prevent the plaintiff from foreclosing his mortgage for the whole amount due thereon," and as a decree for the full amount was awarded, it is evident that the appellant was not harmed by the ruling of the court in that respect.

The case was submitted to the court for trial without a jury. The entry of the finding is, in part, as follows: "The court finds the following as the agreed facts in the above entitled cause, and which contain all the evidence in said cause."

Here follows a statement of facts and conclusions of law thereon, but the signature of the judge is not appended thereto. Immediately following is a motion for a new trial, but the causes alleged consist of objections to the conclusions of law, and do not come within the statutory causes for which a new trial can be granted. Indeed there could be no reason for a new trial, as the finding rendered was upon "agreed facts." But, aside from these considerations, the evidence is not brought into the record in the way provided by law, which is by a bill of exceptions. The recital contained in the finding, that the agreed facts contain the evidence, is not a substitute. There is no exception to the rule that a bill of exceptions is necessary in order to bring to this court the evidence which was adduced at a trial, whether it consists of oral testimony, writings, documents, agreed facts, or whatever form of proof.

No exceptions were taken to the conclusions of law stated by the court. Indeed the court was not requested by either to make a special finding and state its conclusions. It is only when the special

finding was made at the request of one of the parties or both, that exceptions to the conclusions of law stated, present any question for the consideration of this court. *Conwell* v. *Clifford*, 45 Ind. 393; *Ib.* 396; *Westor* v. *Johnson*, 48 Ind. 1; *Sewing Machine Co.* v. *Barnes*, 49 Ind. 136; *Smith* v. *Johnson*, 69 Ind. 55.

It is equally well settled that an objection to the form of the judgment can not be considered by this court, unless the objection was made at the time the judgment was entered, and a motion was made, or other appropriate step taken to bring the matter to the attention of the court below, so as to enable that court to enter the proper judgment in the first instance; or, after its entry, to modify and correct it. The appellants made no such objection to the original entry of judgment, nor any motion for the modification thereof.

There is no error manifest in the record.

Judgment affirmed with costs.

----

### ANDREW H. HAMILTON ET AL. v. CITY OF FORT WAYNE.

*Appellate Jurisdiction of the Circuit Courts.*—When appeals from inferior courts are authorized and no express direction is otherwise given, the circuit courts necessarily take cognizance of such appeals by virtue of their general appellate jurisdiction. And this rule authorizes appeals thereto from the common council of a city, on a question of damages in laying out streets.

Filed April 27, 1881.

Appeal from Allen Circuit Court.

Coombs, Morris & Bell, for appellants.

Opinion of the court by Mr. Chief Justice Niblack.

In the year 1873, the common council of the city of Fort Wayne passed an ordinance " to open and extend Clinton street from the south line of Lewis street, parallel with Calhoun street, to the north line of Holman street."

This ordinance extended Clinton street over lands belonging to the appellants, Andrew H. Hamilton, Emerine J. Hamilton, Montgomery Hamilton, Mary Williams, Margaret H. Hamilton and Ellen Hamilton, and commissioners were directed to assess the damages and benefits which would result to the owners of lands over which the extended portion of such street would pass.