McClellan v. Bond, Trustee.

Filed Jan. 4, 1884.

---

No. 10,691.

McCLELLAN v. BOND, TRUSTEE.

PRACTICE.—*Special Finding.*—A paper not signed by the judge, nor brought upon the record by bill of exceptions or order of court, will not be treated by the Supreme Court as a special finding under the statute.

SAME.—*Filing Pleadings.*—*Discretion.*—Where the court below permits pleadings to be filed after issue and the trial has begun, the Supreme Court will reverse its action only when there has been an abuse of discretion.

SAME.—*Curing Error.*—*Evidence.*—A trial court may correct an error in excluding evidence, and remove it, by afterwards giving opportunity to introduce the rejected evidence.

SAME.—*Objection to Evidence.*—Where the reason given below in support of an objection to evidence does not appear in the record, the Supreme Court will not consider the question.

SAME.—An objection to evidence, "that it is not competent," is too general to present any question in the Supreme Court.

SAME.—Where the incompetency of evidence results only in consequence of other evidence in the cause, that other evidence must be in the record, else the Supreme Court can not consider the question.

McClellan *v.* Bond, Trustee.

From the DeKalb Circuit Court.

*W. H. Dills,* for appellant.

*W. H. Coombs, J. Morris* and *R. C. Bell,* for appellee.

ELLIOTT, J.—What the appellant denominates a special finding is not signed by the judge, nor incorporated in a bill of exceptions, nor is it made part of the record by order of the trial court. We can not treat it as a special finding of facts within the meaning of the statute. *Peoria, etc., Ins. Co.* v. *Walser,* 22 Ind. 73; *Roberts* v. *Smith,* 34 Ind. 550; *Welborn* v. *Lewis,* 42 Ind. 363; *Board, etc.,* v. *Reynolds,* 44 Ind. 509 (15 Am. R. 245); *Conwell* v. *Clifford,* 45 Ind. 392; *Shane* v. *Lowry,* 48 Ind. 205; *Bake* v. *Smiley,* 84 Ind. 212.

It is within the discretion of the trial court to permit or refuse to permit a party to file a pleading after issue has been joined and part of the evidence heard. Where there has been an abuse of this discretion the appellate court will interfere, but in no other case. We can not say that there was an abuse of discretion in this case in refusing to allow the appellant to file an additional paragraph of cross complaint.

If evidence is at first excluded, but the ruling excluding it is afterwards withdrawn and full opportunity given to introduce the evidence, there is no error warranting a reversal.

Objections to the admission of testimony must be stated to the trial court and must be incorporated into the bill of exceptions. *City of Delphi* v. *Lowery,* 74 Ind. 520 (39 Am. R. 98). The appellate court can consider only such objections as were presented to the trial court.

An objection that evidence is not competent is too general. The particular respect in which it is supposed to be incompetent must be stated. *Stanley* v. *Sutherland,* 54 Ind. 339.

Where all the evidence is necessary to present a question, then all the evidence must be in the record; but where a question may be properly presented without all the evidence, then it need not be brought into the record. *Johnson* v. *Wiley,* 74 Ind. 233; *Shimer* v. *Butler University,* 87 Ind. 218; *Pavey* v.

*Wintrode,* 87 Ind. 379. But in all cases where the question depends upon the evidence, so much of it as is necessary to show the incompetency of that objected to must be brought into the record by a bill of exceptions.

Under the issues in this case, the testimony of the witness McClellan might have been relevant, and in order to show that it was not it is necessary that the record should contain enough, at least, of the evidence to make its irrelevancy appear, as otherwise the presumption is in favor of the ruling of the trial court. The evidence copied into the record is not enough to show that the admitted testimony was not relevant, and, therefore, the presumption of which we have spoken requires us to sustain the ruling.

Neither the evidence nor the facts are in the record, and it is impossible for us to say whether the court did or did not err in overruling appellant's motion to modify the decree. In order to determine whether a decree is or is not proper, the evidence, or the facts, or a verdict, should be in the record, unless, indeed, the decree be one not warranted by the pleadings or is one erroneous upon a mere inspection of the issues.

Judgment·affirmed.

