Branch *v.* Faust.

No. 13,385.

## BRANCH *v.* FAUST.

SUPREME COURT.—*Practice.*—*Complaint Considered as a Whole When Objected to First in Supreme Court.*—Where the sufficiency of a complaint, or any paragraph thereof, is challenged for the first time in the Supreme Court by assignment of error, the complaint will be considered as a whole, and the objection will not avail if there is one good paragraph.

SAME.—*Special Finding of Facts and Conclusions of Law.*—*Omission of Signature of Judge.*—*Bill of Exceptions.*—Where a purported special finding of facts and conclusions of law have been copied into the transcript, without the signature of the judge, they will not be considered part of the record unless brought into it by a bill of exceptions; and where there is no bill of exceptions, such finding will be regarded as a general finding.

From the Madison Circuit Court.

*R. Lake* and *E. B. Goodykoontz,* for appellant.

*C. L. Henry* and *H. C. Ryan,* for appellee.

ZOLLARS, J.—Appellant has assigned as errors that the third paragraph of appellee's complaint does not state facts sufficient to constitute a cause of action, and that the court below erred in its conclusions of law upon the facts specially found.

These assignments are met by counsel for appellee with the contention that error can not be assigned in this court that a single paragraph of a complaint does not state facts sufficient to constitute a cause of action, and that, as the special finding of facts and conclusions of law copied into the transcript are not signed by the judge, and have not been brought into the record by a bill of exceptions, there is no question properly before this court for decision. This contention can not be disregarded without violating the provisions of the code, and the rules of practice long since settled by the decisions of this court.

There was no demurrer to the third paragraph of the com-

plaint filed below. Its sufficiency is brought in question for the first time by an assignment of error in this court.

The code provides that by a failure to present objections to a complaint by a demurrer or answer, all objections thereto shall be deemed to have been waived, " except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action." R. S. 1881, section 343.

Such an objection to a complaint may be made by an assignment of error in this court, but, like a motion in arrest of judgment, it challenges the complaint as a whole, and will not be available if in the complaint there is one good paragraph. So the above section of the code clearly provides, and so it has uniformly been interpreted. *Kelsey* v. *Henry*, 48 Ind. 37; *McCallister* v. *Mount*, 73 Ind. 559; *Trammel* v. *Chipman*, 74 Ind. 474; *Louisville, etc., R. W. Co.* v. *Peck*, 99 Ind. 68; *United States Ex. Co.* v. *Rawson*, 106 Ind. 215.

The clerk below has copied into the transcript what purports to be a special finding of facts and the court's conclusions of law thereon. Neither the finding of facts nor the conclusions of law are signed by the judge, and hence, under a long line of decisions by this court, they are not, and could not become, a part of the record unless brought into it by a bill of exceptions. There is no bill of exceptions. The finding by the court must, therefore, be regarded simply as a general finding in favor of appellee; and, as the evidence is not before us, we can not determine whether the finding and judgment are, or are not, erroneous. *Smith* v. *Davidson*, 45 Ind. 396; *Shane* v. *Lowry*, 48 Ind. 205; *Smith* v. *Johnson*, 69 Ind. 55; *McClellan* v. *Bond*, 92 Ind. 424; *Conner* v. *Town of Marion*, 112 Ind. 517.

Judgment affirmed, with costs.

Filed Sept. 18, 1888.