Galvin *v.* Syfers.

---

## GALVIN *v.* SYFERS ET AL.

[No. 2,644. Filed Nov., 30, 1898. Rehearing denied March 8, 1899.]

APPEAL AND ERROR.—*Special Findings.*—Where the special finding of facts and conclusions of law are not signed by the trial judge, nor brought into the record by a bill of exceptions, the special finding of facts will be regarded as a general finding on appeal. *p. 44.*

SAME.—*Evidence.*—No question ·is presented upon the sufficiency of the evidence to sustain the special findings, where the evidence is not in the record. *p. 45.*

BILLS AND NOTES.—*Delivery of Note by Agent in Violation of Makers' Instructions.*—*Innocent Purchaser.*—*Estoppel.*—The maker of a note governed by the law merchant placed such note in .the hands of her husband, as her agent, to be delivered by him upon certain conditions. The husband in violation of instructions given delivered the note unconditionally. *Held,* in an action on the note by an innocent purchaser, for value, before maturity, that the maker was estopped from denying the execution of the note. *pp. 45-47.*

From the Marion Superior Court. *Affirmed.*

*George W. Galvin,* for appellant.

*Daniel Wait Howe,* for appellees.

WILEY, J.—Appellees sued appellant upon a promissory note dated March 1, 1895, due in one year, and payable at a bank within this State. The note was payable to one F. G. Cross, and the complaint avers that it was indorsed to appellees before maturity, and for a valuable consideration.

Appellant answered in three paragraphs, to the second of which, a demurrer, for want of facts, was sustained. To the first paragraph of answer, the appellees replied in three paragraphs, to the second and third of which appellant demurred. To the third paragraph of answer, the appellees replied in

two paragraphs, and, while counsel for appellant discusses the overruling of her demurrer to the second paragraph of appellees' reply to the third paragraph of her answer, we are unable to find from the record that said paragraph of reply was challenged by a demurrer. In any event, there is no assignment of error that raises the question. Appellant's demurrer to the second paragraph of appellees' reply to the first paragraph of answer was sustained, and overruled as to the third paragraph of reply to the first paragraph of answer. The cause was tried by the court, and at the request of appellees, the court made a special finding of facts, and stated its conclusions of law thereon. Upon the facts found the court stated its conclusions of law, that appellees were entitled to recover the amount due on the note, and rendered judgment accordingly.

Appellant's motion for a new trial was overruled, and she has assigned error as follows: (1) The court erred in sustaining the demurrer to the second paragraph of answer; (2) the court erred in overruling the demurrer to the third paragraph of reply to the first paragraph of answer; (3) the court erred in its conclusions of law; (4) the court erred in overruling the motion for a new trial.

Neither the third nor the fourth specifications of the assignment of error present any questions for decision. Neither the special finding of facts nor the conclusions of law are signed by the trial judge, nor are they brought into the record by bill of exceptions; and under the rule in this State, the special finding must be regarded as a general finding. In *Service* v. *Gambrel*, 110 Ind. 349, it was said: "The appellees contend that the special finding is not properly a part of the record. This contention must prevail. There is neither a bill of exceptions nor a special order making the finding a part of the record, nor is the finding signed by the judge who tried the case, and it cannot be regarded as anything more than a general finding." See, also, *Conwell* v. *Clifford*, 45

Ind. 392; *Branch* v. *Faust*, 115 Ind. 464; *McCray* v. *Humes*, 116 Ind. 103; *Roberts* v. *Smith*, 34 Ind. 550. The motion for a new trial rests upon the alleged insufficiency of the evidence to sustain the special findings, and that the decision of the court is contrary to the law and the evidence. The evidence is not in the record, and no attempt has been made to bring it in; hence we cannot consider the questions thus presented. *Smith* v. *Davidson*, 45 Ind. 396; *Shane* v. *Lowry*, 48 Ind. 205; *Smith* v. *Johnson*, 69 Ind. 55; *McClellan* v. *Bond*, 92 Ind. 424; *Conner* v. *Town of Marion*, 112 Ind. 517; *Branch* v. *Foust, supra.*

This leaves but two debatable questions in the record: (1) The action of the court in sustaining the demurrer to the second paragraph of answer; and (2) in overruling the demurrer to the third paragraph of reply to the first paragraph of answer. As to the latter question, appellant has waived it by her failure to discuss it, and hence we need not encumber this opinion by setting out the facts averred in the third paragraph of reply to the first paragraph of answer which are very lengthy. There is, therefore, but one question for our decision, to wit: Did the court err in sustaining appellees' demurrer to the second paragraph of appellant's answer? The material averments of the answer are that the note sued on is the second of two notes signed by her to the same payee; that the first of said notes was returned to her as not being satisfactory to appellees; that she was solicited by the agents of appellees, Cross and Matthews and Odell, to sign the note sued on; that she declined to do so, as having no other or different interest in the signing therof than to accommodate the said Odell in a business transaction personal to himself; that thereupon the said Odell agreed and undertook to have executed to her the bond and mortgage of his uncle, a man of large property interests, to secure her harmless from liability on said note, if she would execute the same; that she thereupon signed the note, and placed it in

the hands of her husband, G. W. Galvin, to be handed to said Odell when the said bond and mortgage were duly executed to her satisfaction; that the note in suit was obtained from the custody and possession of her said husband without the execution of said securities, or any securities, by said Odell, and wholly without her knowledge and consent; and that she never executed said note. This paragraph of answer is verified.

The answer is a plea of *non est factum*, in which the pleader has stated the facts upon which it rests. The sum and substance of the answer is that appellant did not execute the note in suit, because she did not deliver it. It is true, ordinarily, that the delivery of a note is as requisite to its validity as the signing of it; for it is a part of its execution, and it is not a valid obligation until it is fully executed. In this case, however, the answer does not aver that appellees had knowledge of the fact that it was not duly delivered, or that they were not innocent purchasers for value. It appears from the answer that appellant delivered the note to her husband, as her agent, to be delivered on condition that a certain indemnity should be obtained. She thus placed the note in the hands of one who had the power and ability to deliver it, even without the indemnity, and this he did. He, as her agent, thus put a negotiable instrument, governed by the law merchant, into circulation; and in the course of business it passed to the appellees, for value, and without notice of any infirmity. There was nothing on the face of the note calculated to put them upon inquiry, and they had a right to take it as a negotiable instrument in the ordinary course of business. Daniel on Negotiable Instruments says: "But there is a distinction between negotiable and sealed instruments. If the custodian of the former betrays his trust and passes off the negotiable instrument to a *bona fide* holder before maturity, and without notice, all parties are bound; but if the instrument is sealed, the rule is otherwise." 1 Daniel Negotiable Insts. (4th ed.) sections 68, 856. See, also,

1 Randolph Com. Paper, section 230. It is a familiar rule that where one of two parties must suffer by reason of fraud or misconduct of a third person, the loss must fall upon the one who put it in the power of such third person to perpetrate the fraud, or be guilty of the misconduct. See *National Bank* v. *Gibbons*, 7 Ind. App. 629.

The demurrer to the second paragraph of appellant's answer was properly sustained. We find no available error in the record. Judgment affirmed.