THE TRUSTEES OF THE TOWN OF MILFORD *v.* SIMPSON.

Suit against township trustees and the county auditor and treasurer, to subject the share of the township in the school fund in the county treasury to the satisfaction of a judgment which the plaintiff had recovered for services as a teacher of common schools, under the employment of the trustees. An execution upon the judgment had been previously returned *nulla bona.* The Court ordered the judgment to be paid out of such fund. *Held*, that the fund was not diverted from the purpose for which it was intended by law.

Friday,
January 14,
1859.

APPEAL from the *Decatur* Court of Common Pleas.

WORDEN, J.—*Simpson* filed his complaint, averring that he had recovered a judgment against said trustees for 51 dollars, for services as a teacher of common schools, under the employment of said trustees; that an execution had been issued on the judgment, and returned "no property found;" that the treasurer of said county had in his hands

the sum of 109 dollars, 60 cents, for the share of defendants of the school funds for distribution in said county. The auditor and treasurer of said county were made parties. Prayer, that a sufficient amount of the funds in the hands of the treasurer, belonging to said township, be applied to the payment of the judgment. The treasurer and auditor answered, admitting that the treasurer had in his hands the amount specified of the tuition fund belonging to the town of *Milford*. On the trial, the prayer of the complaint was granted, and the appellee's judgment ordered to be paid out of said funds.

Several errors are assigned on these proceedings; but as one only is noticed in the brief of the appellants, we shall only notice that one, the others being considered as waived. *Zehnor* v. *Crull*, 10 Ind. R. 547.

The point made is, that the order of the Court diverted the school fund from its intended purpose; that the fund should be applied to the purposes of free schools.

We are of opinion that the order of the Court applied the fund to the precise purpose for which it was intended. The appellee's judgment was recovered "for services as a teacher of common schools," under the employment of the trustees. This allegation is not in any manner denied. The second section of the school law (Acts of 1855, p. 161), provides that the fund "shall be applied exclusively to furnishing tuition in the common schools of the state." The allegation that the judgment was recovered "for services as a teacher of common schools," &c., cannot be intended to mean anything else than services as teacher of the common schools of the state, provided for by law.

The objection does not appear to be well taken.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey* and *W. Cumback*, for the appellants.

*J. Gavin* and *O. B. Hord*, for the appellee.