Jessup *et al. v.* Carey.

---

### JESSUP ET AL. *v.* CAREY.

MANDATE.— *Parties.—Relator.—Sale of Land on Execution.—Action to Compel Sheriff to Convey.*—An action against a sheriff, to compel him to execute to the purchaser a deed for real estate sold by such sheriff on execution, should be brought in the name of the State of Indiana, on the relation of such purchaser, and, upon filing his complaint, the relator should move for an alternative writ of mandate requiring the defendant to execute and deliver such deed, or show cause why he should not.

SAME.— *Waiver.*—Where, without objection by the defendant in the Circuit Court or in the Supreme Court on appeal, the defendant appears

Jessup *et al. v.* Carey.

and answers a complaint filed by the purchaser in his own name as plaintiff, objection to the form of the action is thereby waived.

SAME.—*Certificate of Purchase.*—It is the duty of the sheriff, on making a sale of real estate on execution or decree, and on receipt of the purchase-money therefor, to execute to the purchaser a certificate as required by section 2 of the act of June 4th, 1861, 2 R. S. 1876, p. 220, note *a*.

SAME.—*Sheriff's Deed.*—It is the duty of the sheriff, at the expiration of one year from the date of the sale of real estate, to execute and deliver to the purchaser a deed for the same, if it shall not previously have been redeemed.

SAME.—*Purchaser after Sheriff's Sale.*—*Right to Redeem.*—One who receives a deed of conveyance of land decreed to be sold, executed by the holder of the legal title subsequently to a sale thereof by the sheriff on such decree, is entitled to redeem the same prior to the expiration of a year from such sale.

SAME.—*When Year of Redemption Expires.*—The year for such redemption does not expire until midnight of the last day thereof.

SAME.—*Payment to Clerk by Check.*—*Pleading.*—The fact that the clerk of the Court receives and collects a check on a bank for the amount necessary to redeem, from one having the right to redeem, and places the same to his own credit in a bank as such clerk, does not necessarily render such redemption invalid. And where such facts appear from the complaint in an action to compel the sheriff to execute a deed to the purchaser, the complaint is insufficient on demurrer.

From the Tipton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellants.

*F. M. Trissal,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellants, as defendants, in the Hamilton Circuit Court.

In his complaint, the appellee alleged, in substance, that, on the 10th day of October, 1874, the Merchants' National Bank of Indianapolis, by the consideration of the Hamilton Circuit Court, procured a judgment and decree, directing the sale of certain real estate, particularly described, in Hamilton county, Indiana, to satisfy an indebtedness owing to said national bank by Peter C. Lawyer and Edward K. Hall, a certified copy of which decree was, on the 20th day of October, 1874, issued to the appellant Iredell H. Jessup, then and since the sheriff of said Hamilton county; that the said sheriff, in pursuance

of the directions of said decree, advertised said real es-
tate therein described, for sale at the court-house door in
said county, on the 14th day of November, 1874, and on
said day offered and sold the same to the appellee for the
sum of eight hundred dollars, who paid the purchase-
money and took from said sheriff a certificate, setting
forth the fact of his said purchase, and that said certifi-
cate would entitle him, as such purchaser, to a deed in
fee-simple to said real estate, after the expiration of one
year from the day of sale, if the same was not redeemed
in the manner prescribed by law. And the appellee
averred, that, at the time of the rendition of said decree,
the legal title to said real estate was held by one James
Shaw; but, after the sale of the same, said Shaw made a
pretended transfer to the appellant Asher G. Walton, who
claimed to have held a title, by virtue of such transfer, at
and before the expiration of one year from the date of
said sale, and was asserting that he had paid to the clerk
of the Hamilton Circuit Court, on the 13th day of No-
vember, 1875, the sum of eight hundred and eighty dol-
lars, to redeem said land from said sale; but the appellee
averred, that he did not pay any sum of money whatever
to said clerk for the purpose aforesaid, but, under a pre-
text of redeeming said real estate, gave to said clerk a
check or order on some bank in the city of Indianapolis
for the sum of eight hundred and eighty dollars, which
said check or order said clerk deposited to his own credit
in the Citizens' Bank of Noblesville, Indiana; and the
appellee said, that no sum of money had ever been paid
or tendered to him in redemption of said land, and that
he had declined to recognize said check or order as a valid
payment of the sum of money to which he was entitled
in case of a redemption of said land, but he had tendered
said certificate to said sheriff and demanded a deed in fee-
simple for said real estate, which the said sheriff had re-
fused to deliver to him. Wherefore the appellee asked
that a peremptory writ of mandate be issued to said

sheriff, compelling him to make and deliver to the appellee a deed for said real estate, and that the appellant Asher G. Walton be required to show cause why said mandate should not be issued, etc.

To this complaint the appellants separately demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrers were severally overruled, and to these decisions the appellants severally excepted.

The appellant Jessup separately answered in two paragraphs, the first setting up affirmative matter by way of defence, and the second being a general denial.

The appellant Asher G. Walton separately answered in three paragraphs; the first paragraph being a general denial, and each of the other two paragraphs setting up a special defence. The appellee demurred to the second and third paragraphs of the answer of the appellant Walton, upon the ground that neither of the said paragraphs stated facts sufficient to constitute a defence to this action; which demurrer was overruled as to the second paragraph, and sustained as to the third paragraph, of said answer, and to this latter decision the appellant Walton excepted. The appellee replied, by general denials, to the first paragraph of the answer of the appellant Jessup, and to the second paragraph of the answer of the appellant Walton. On the appellee's application, and by agreement of the parties, the venue of the action was changed to the court below.

The issues joined were tried by a jury, and, under the instructions of the court, a special verdict was returned, in substance, as follows:

"We, the jury, find the following special verdict, in the above entitled cause, to wit:

"1st. We find, that, on the 10th day of October, 1874, the Merchants' National Bank of Indianapolis recovered a decree of foreclosure against Peter C. Lawyer, Edward K. Hall and Mary J. Hall, in the Circuit Court of Ham-

ilton county, Indiana, and that said lands, described in the complaint, be sold to pay debts of said Lawyer and Hall to said Merchants' National Bank, for seven thousand three hundred and twenty-one dollars.

"2d. That, on the 22d day of October, 1874, a certified copy of said decree was placed in the hands of said Jessup, who then was the sheriff of said county, to be by him executed as said sheriff.

"3d. That, under said decree, the property therein described was, by said sheriff, advertised for sale at the court-house door, in said county, on the 14th day of November, 1874.

"4th. That, on the 14th day of November, 1874, the defendant Jessup, as the sheriff of said county, sold the property described in the complaint to the plaintiff, Harvey G. Carey, for the sum of eight hundred dollars ($800).

"5th. That, on said 14th day of November, 1874, said Jessup executed to said plaintiff a certificate of purchase for said real estate, conditioned that if said defendants in that suit, under which the said decree was issued, should not redeem said property from said sale within one year from the day of said sale, said Harvey G. Carey should be entitled to a deed for said premises.

"6th. That, on the 10th day of November, 1875, the defendant Asher G. Walton purchased the real estate described in the complaint, from James Shaw, who was then the owner of the same, who executed to said Walton a deed of conveyance, in which his wife joined, for said real estate, and that said deed was duly recorded in the Deed Record of said county of Hamilton, in Deed Record ——, page ——, on the —— day of ———, 1875.

"7th. That, on the 13th day of November, 1875, and within one year from the day of said sale, the defendant Asher G. Walton, being then the owner of said land, paid to the clerk of the Hamilton Circuit Court one check, calling for eight hundred and eighty dollars, for the purpose of redeeming said lands from said sale.

"8th. That the clerk of said court endorsed on Execution Docket G, page ——, that being the docket and page of the record of said court containing said execution, his receipt for the purchase-money for said real estate.

"9th. That the clerk of said court endorsed on the record containing the decree under which said sale was had, immediately following said decree and in connection therewith, his receipt for eight hundred and eighty dollars, in full for the redemption of said lands from said sale, as received from said Asher G. Walton, on said 13th day of November, 1875.

"10th. That, before the commencement of this suit, the plaintiff tendered to said Jessup, as such sheriff, one dollar for his fee for making a deed to plaintiff for said real estate, and demanded a deed of conveyance from him, in accordance with the terms of his said certificate of purchase, which he then produced.

"11th. That said sheriff refused to execute a deed to plaintiff for said real estate, for the reason that said property had been redeemed from said sale by said Walton, as appeared from the records on file in the office of the clerk of said court.

"12th. That the clerk of said court has, at all times since said 13th day of November, 1875, had, and still has, said sum of eight hundred and eighty dollars in his possession, for the use of the plaintiff; that he has been ready and willing at all times since said 13th day of November, 1875, to pay to plaintiff said sum of money, in legal-tender notes of the United States, and that said clerk now has said sum of money present in court for the use of said plaintiff.

"If, upon these facts, the law is with the plaintiff, then we find for the plaintiff; and, if the law is with the defendants, then we find for the defendants."

Thereupon the appellants moved the court in writing

for a *venire de novo*, which motion was overruled, and the appellants excepted. The appellants' motion for a new trial was also overruled, and to this decision they excepted; and judgment was rendered on the special verdict, in favor of the appellee and against the appellants, commanding the appellant Jessup, as such sheriff, to execute and deliver to the appellee a sheriff's deed of said real estate, and for the costs of this action, etc., from which judgment the appellants have appealed to this court.

The following alleged errors have been assigned by the appellants in this court:

1.   In overruling the demurrer of the appellant Jessup to the complaint;

2.   In overruling the demurrer of the appellant Walton to the complaint;

3.   In sustaining the appellee's demurrer to the third paragraph of the answer of appellant Walton;

4.   In overruling the appellants' motion for a *venire de novo;*

5.   In overruling the appellants' motion for a new trial;

6.   In rendering judgment upon the special verdict; and,

7.   In rendering judgment in favor of the appellee, and against the appellants, upon the special verdict of the jury.

Without especial reference to the errors assigned, or to the order of their assignment, we will consider and decide the principal questions presented by the record of this cause.

It does not appear from the record, that any alternative writ of mandate was applied for or issued in this action; but the appellants appeared, probably in obedience to an ordinary summons, and demurred to and answered the appellee's verified complaint, as containing his cause of action.   The proceeding is certainly informal and defective in its inception.   The suit should have been

commenced in the name of the State of Indiana, upon the relation of the appellee; and, upon his affidavit filed, the appellee should have moved the court for an alternative writ of mandate, requiring the appellant Jessup, as sheriff, to execute and deliver to him a deed of the real estate described in his certificate, or show sufficient cause, in his return to said writ, why he failed or refused so to do. This alternative writ of mandate would then have constituted the plaintiff's complaint, or cause of action; and upon it issues of law or fact might have been joined, as in other cases. *The Board, etc., of Clarke Co.* v. *The State, ex rel., etc., ante,* p. 75, and *The Board, etc., of Boone Co.* v. *The State, ex rel., etc., ante,* p. 379.

We refer to this matter in the interest of good pleading, and not because it is of much importance in the decision of this case. The appellants did not object in the circuit court, nor do they object here, to the mere form of this suit.

In section 739 of the practice act, it is provided, that " Writs of mandate may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins; or, a duty resulting from an office, trust or station." 2 R. S. 1876, p. 296.

In section 2 of " An act providing for the redemption of real property," etc., approved June 4th, 1861, it is provided, that, " Upon the payment of the purchase-money, the sheriff or other officer making such sale shall issue to the purchaser a certificate showing the court in which the judgment or decree was rendered, the parties to the action, the date of the sale, the name of the purchaser, the amount of the purchase-money, and a description of the premises sold, which certificate shall entitle the holder thereof to a deed of conveyance, to be executed by the officer making the sale at the expiration of one year from the date of such sale, if the property shall not have been previously redeemed." 2 R. S. 1876, p. 220, note *a.*

It is clear, we think, that, if the appellee was the holder of the certificate of purchase described in his verified complaint, and if at the expiration of one year from the date of the sale mentioned in said certificate, the property sold had not been previously redeemed, as provided for in the 1st section of said act, then it was the duty of the appellant Jessup, resulting from his office of sheriff, to execute to the appellee a deed of conveyance of said property; and if, in such case, upon the appellee's reasonable request, the appellant Jessup, as such sheriff, failed or refused to execute such deed, he could be compelled by a writ of mandate to perform his official duty in the premises.

It is evident from the averments of his complaint, that the appellee was the holder of said certificate of purchase, and that, at the expiration of one year from the date of the sale therein mentioned, he had requested the appellant Jessup, as such sheriff, to execute to him a deed of the property described in said certificate. It is apparent also, from said complaint, that the appellant Walton had the right to redeem said property from said sale.

The only question, therefore, for our consideration, in so far as the sufficiency of said complaint is concerned, may be thus stated: Does the complaint show by any averment, that the property sold by the sheriff, described in said certificate, had not been redeemed from said sale, as provided for in the 1st section of said act? In the 1st section of said act of June 4th, 1861, it is provided, that, in such a case, any one having the right of redemption as therein specified, " may redeem such real property or interest therein, at any time within one year from the date of such sale by paying to the purchaser, his heirs or assigns, or the clerk of the court from which such execution or order of sale was issued for the use of said purchaser, his heirs or assigns, the purchase-money,

with interest thereon at the rate of ten per cent. per annum."

It will be seen from 'this provision of the statute, that the appellant Walton, under the facts of this case as stated in appellee's complaint, and the law applicable thereto, might lawfully redeem the property from the sale thereof, at any time within one year from the date of such sale, by the payment of the purchase-money, with interest thereon at the rate of ten per cent. per annum, either to the purchaser, the appellee, his heirs or assigns, or to the clerk of the Hamilton Circuit Court, for the use of said purchaser, the appellee. It was necessary, therefore, that the appellee, in stating a *prima facie* case to entitle him to a writ of mandate, should not only aver that the redemption money was not paid to him, but he should also have averred, that the check for said money, which was rightfully paid to, and received by, the clerk of the Hamilton Circuit Court, in redemption of said property, had not been paid nor honored by the bank on which it was drawn, within the time limited by law for such redemption.

The payment of the money to the clerk of the court was fully authorized by the statute, and such payment, if made, redeemed the property from the sale thereof just as completely and effectually as it would have been redeemed if the payment had been made to the appellee *in propria persona*. It was not an improper, nor an illegal mode of payment, if the appellant Walton gave his check on a bank in this State for the amount of the redemption money to the clerk of the court, who was willing to receive the check as so much money. If the appellant Walton had the money to his credit in bank, subject to his check, and the clerk of the court was willing to, and did, receive his check as so much money, the transaction was fully sanctioned by the ordinary usages of business, and was certainly not an illegal payment, if

it culminated in the actual payment of the amount of the check, upon presentation thereof.

The appellee did not aver, in his verified complaint, that the check in question was not promptly honored and paid. Not only so, but it affirmatively appeared on the face of said complaint, that, within the time limited by law for the redemption of said real estate, the money called for by said check was placed to the credit of the clerk of the Hamilton Circuit Court, in the Citizens' Bank of Noblesville, the county seat of said Hamilton county. This is in harmony with the special verdict of the jury.

Under the averments of the complaint, the year for the redemption of said real estate from the said sheriff's sale thereof did not expire until midnight of the 14th day of November, 1875; but the jury found, that the clerk of said court had said redemption money, in legal-tender notes, in his hands on the 13th day of November, 1875, for the use of the appellee, and had been ready and willing, at all times since said day, to pay over the same to the appellee.

It seems very clear to us, that the appellee's verified complaint, in this action, did not show a *prima facie* case, in his behalf, for a writ of mandate against the appellant Jessup, as the sheriff of said county, in this, that it did not show that the real estate described in the appellee's certificate of purchase had not been redeemed from the sheriff's sale thereof, within the time and in one of the modes prescribed by the statute. Indeed, we think that the complaint showed affirmatively, that the real estate in question had been redeemed according to law, from the said sale thereof. In our opinion, therefore, the circuit court erred in overruling the appellants' demurrers to the appellee's verified complaint.

Having reached this conclusion in regard to the insufficiency of the appellee's complaint, it is unnecessary for us

now to consider or decide any of the questions presented by the other alleged errors.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrers to the complaint, and for further proceedings, in accordance with this opinion.