Filed June 18, 1884.

---

No. 11,268.

The State, ex rel. McGregor, *v.* Cooprider, Trustee.

School Township.—*Duty of Trustee.*—*Mandate.*—It is the duty of the trustee of a school township to apply the tuition funds of the township, when received, to the payment of its indebtedness for tuition, and the performance of such duty by the proper trustee may be enforced by writ of mandate.

From the Clay Circuit Court.

*S. M. McGregor, I. M. Compton, G. A. Knight* and *C. H. Knight,* for appellant.

*C. F. McNutt, E. S. Holliday* and *G. A. Byrd,* for appellee.

The State, *ex rel.* McGregor, *v.* Cooprider, Trustee.

HOWK, J.—Upon the verified application of the appellant's relator, William W. McGregor, an alternative writ of mandate was issued in this cause, directed to the appellee, Cooprider, trustee of Harrison School Township. The appellee appeared and demurred to each of the two paragraphs of the alternative writ, upon the ground that it did not state facts sufficient to constitute a cause of action, or to entitle the relator to a peremptory writ of mandate. This demurrer was sustained by the court to each of such paragraphs, and to these rulings the relator excepted, and, declining to amend, judgment was rendered against him for appellee's costs.

Error is assigned here which calls in question the decision of the circuit court in sustaining the appellee's demurrer to each paragraph of the alternative writ of mandate.

In the first paragraph the relator alleged that on the 26th day of March, 1883, he recovered a judgment against said Harrison School Township in the sum of $697.75 for services he had rendered such township in teaching school, and in the further sum of $119.45 for costs of suit; that such judgment was still in full force, unreversed and wholly unpaid; that the appellee, Cooprider, was the duly elected, qualified and acting trustee of said Harrison School Township, and he then had in his possession, as such trustee, funds of such township for tuition, to wit, the sum of $2,239.91, out of which he might pay the relator's judgment; that as such officer, having the necessary and appropriate money on hand with which to pay off and satisfy the relator's judgment, it was the appellee's duty to do so; and that, although the relator had made demand of the appellee, since the said sum of money came into his hands, to pay off and satisfy the relator's judgment, yet he, the appellee, had failed and refused so to do; and the relator further averred that he had no adequate legal remedy by which he could enforce the collection of his judgment, other than by the writ of mandate.

In the second paragraph of the alternative writ the relator alleged that on the 26th day of March, 1883, he recovered a.

judgment against said Harrison School Township, in the court below, for the sum of $697.75, for services he had rendered such township in teaching school in the years 1869, 1870, 1871 and 1872, under the administration of one Robert Dalton, who was, during those years, the duly elected, qualified and acting trustee of said township; that in each of the years named the relator taught a term of school, and for each of the said terms he was to receive the sum of $200; that the relator received no part of the several sums of money so earned by him in teaching the said terms of school for said township, but recovered the aforesaid judgment therefor, which said judgment remains in full force, unreversed and wholly unpaid; that the said Robert Dalton, as the trustee of said township during the said years, became a defaulter and had squandered and misappropriated large sums of money belonging to the different funds of said township during his term of office; that afterwards one Peter Barrick, as the successor in office of said Dalton, in a suit on his official bond, recovered a judgment against him and his sureties, in the court below, on the 19th day of June, 1873, in the sum of $2,086.75, the amount then due the said township for the various funds from the said Dalton, as such trustee; that in said judgment there was included the sum of $836.38, belonging to the common school fund of said township, which has been misappropriated and squandered by said Dalton as aforesaid; that the said judgment, so recovered by the said Barrick, as trustee, against the said Dalton and his sureties, had been collected and paid over in full to the trustees of such township; that after the said funds were so collected on said judgment, the relator made demand upon the said Barrick, trustee as aforesaid, and upon each of his successors in office thereafter, into whose hands the money so collected on such judgment came, for the payment of the money so due him.

And the relator averred that the said fund so collected on said judgment, and belonging to the common school fund, was the fund out of which he should be paid; that the appellee,

Cooprider, was the duly elected, qualified and acting trustee of said Harrison School Township, and that he then had in his possession, as such trustee, common school and tuition funds of said township, out of which he might and should pay the relator's said judgment against the said school township, the amount of such funds in his hands being $2,239.81; that as such officer, having the necessary and appropriate money on hand with which to pay off and satisfy the relator's judgment, it was the appellee's duty so to do; that, although the relator had made demand of the appellee, since the said funds came into his hands, to pay off and satisfy his said judgment, yet he, the appellee, had failed and refused so to do; that. the relator, on the — day of ——, 1883, caused an execution to be issued on his said judgment, and placed the same in the hands of the sheriff of Clay county, who afterwards, on the — day of ——, 1883, returned the same for the reason that there was no property found upon which to levy; and the relator averred that he had no adequate legal remedy by which he could enforce the collection of his said judgment other than by writ of mandate.     Wherefore, etc.

We are of opinion that the court clearly erred in sustaining the appellee's demurrer to each paragraph of the alternative writ of mandate.    It was shown by the relator, in each paragraph of the alternative writ, that he had established the validity of his claim against Harrison School Township, of which township the appellee was the trustee, by the judgment of a court of competent jurisdiction as well of the subject-matter as of the parties, which judgment was in full force and wholly unpaid; and that the appellee, as the trustee of the township, upon the relator's demand of the money due on his said judgment, had failed and refused to make payment thereof.    If the relator's showing had gone no farther than this, each paragraph of the writ would have been sufficient to withstand the appellee's demurrer thereto for the want of facts, and to have required him to make his return or answer to such writ.    But the relator went further and showed,

in each paragraph of the writ, that the appellee, as trustee, had in his possession tuition funds of the township, out of which the relator's judgment ought to and must be paid, more than sufficient to pay the entire amount due thereon. If the facts stated in each paragraph of the writ are true, and, as the case is now presented, their truth is admitted, the relator is clearly entitled to a peremptory mandate requiring the trustee of the township to pay off and satisfy his said judgment out of the tuition funds of the township, no matter when, nor from whom, such funds were received by such trustee. It can not be said that such payment would be, in any proper sense, a diversion of the tuition fund of the township from the purpose to which, under our State Constitution, such fund " shall be inviolably appropriated." This point is settled by this court in *Trustees of Town of Milford* v. *Simpson*, 11 Ind. 520, which was an appeal from a judgment directing the application of the school fund of the town in the county treasury to the payment of a judgment which Simpson had previously recovered against such town, for his services as a teacher of common schools, under the employment of the town trustees. The court there said: " The point made is, that the order of the court diverted the school fund from its intended purpose; that the fund should be applied to the purposes of free schools. We are of opinion that the order of the court applied the fund to the precise purpose for which it was intended. The appellee's judgment was recovered 'for services as a teacher of common schools,' under the employment of the trustees."

A school corporation must pay its debts just as any other corporation. If, from any cause, a school township shall become indebted to any one for past tuition, it seems to us that any tuition funds of such township, then on hand or thereafter received, would be applicable to the payment of its past due indebtedness for tuition purposes; and that it would be the duty of the trustee of such township to apply such funds, when received, to the payment of any such past indebtedness.

Where such official duty exists, we need not argue for the purpose of showing that the performance of such duty, by the proper officer charged therewith, may be enforced by writ of mandate. This is the provision of the civil code (section 1168, R. S. 1881), as construed in many decisions of this court. *Board, etc.*, v. *State, ex rel.*, 61 Ind. 379 ; *Jessup* v. *Carey*, 61 Ind. 584 ; *Smith* v. *Johnson*, 69 Ind. 55 ; *Duke* v. *Beeson*, 79 Ind. 24 ; *Gardner* v. *Haney*, 86 Ind. 17.

The judgment is reversed, with costs, and the cause is remanded with instructions to overrule the demurrer to each paragraph of the alternative writ of mandate, and for further proceedings not inconsistent with this opinion.

Filed June 18, 1884.