BOARD OF COMMISSIONERS OF HOWARD COUNTY
v. POLLARD.

[No. 18,644.   Filed November 1, 1899.]

ATTORNEY AND CLIENT.—*Poor Person.*—*Liability of County for Attorney's Fees.*—An attorney appointed by the court as counsel for one admitted to prosecute a civil action as a poor person, under §261 Burns 1894, is not entitled to any compensation for his services, and an order of court making an allowance for such services is not authorized by law.

From the Howard Superior Court. *Reversed.*

*J. C. Blacklidge, C. C. Shirley* and *C. Wolf,* for appellant.

*B. F. Harness* and *C. N. Pollard,* for appellee.

DOWLING, J.—By the order of the Howard Circuit Court, one Forgey, who was the plaintiff in a civil action pending in that court, was admitted to prosecute the same as a poor person, agreeably to the provisions of §260 R. S. 1881 and Horner 1897, §261 Burns 1894. The appellee, an attorney of that court, was assigned him to prosecute the suit. The appointment was accepted, and such professional services as were necessary in the action were performed by appellee. Afterwards, the court by its further order, allowed the appellee the sum of $100 as compensation for his services. A certified copy of this order was presented to the auditor of Howard county, and a warrant upon the treasurer of the county for the payment of the sum named in the order was demanded. The auditor refused to draw

such warrant, and suit was brought by the appellee against the board of commissioners of Howard county, upon the order. A demurrer to the complaint was overruled, and the defendant failing and refusing to plead further, judgment was rendered for appellee. The board appealed, and the error assigned is the ruling of the court on the demurrer.

The question presented is, did the appointment of the appellee by the Howard Circuit Court create a charge against the county, and was the order of the court allowing the appellee compensation for professional services rendered by him to a poor person, in a civil action, authorized by law.

The provision of the statute, under which the appointment of the appellee as such attorney was made, is found in the code of civil procedure only, §261 Burns 1894, §260 Horner 1897, and is in these words: "Any poor person, not having sufficient means to prosecute or defend an action, may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defense, who shall do their duty therein without taking any fee or reward therefor, from such poor person."

An attorney at law cannot, in this State, be *compelled* by an order of a court to render professional services without compensation. In *criminal* cases, the defense of the poor and destitute is a necessary obligation devolving upon the county, and to the extent of providing counsel for them, the court is the agent of the county. An allowance for such services, made by the order of the court, is not conclusive upon the county, but is *prima facie* evidence only that the services were so rendered. The authority for such allowances is said, in some of the cases, to be found in sections two, three and four, 1 G. & H., p. 64, corresponding to §§1413, 1414 and

1415 R. S. 1881 and Horner 1897, §§1479, 1480, 1481 Burns 1894.    It has been said, also, that the principle upon which the authority of the court to assign counsel in a criminal case and charge the county rests is the same as that which governs the overseers of the poor in determining who shall receive temporary relief when in distress, and to bind the county to those who care for such needy persons.    This power is inherent in the courts, and without any statute they possess it to the end that justice may be administered.  *Blythe v. State*, 4 Ind. 525; *Webb v. Baird*, 6 Ind. 13; *Gaston v. Board, etc.*, 3 Ind. 497; *Alleghany Co. v. Watt*, 3 Pa. St. 462; *Board, etc., v. Wood*, 35 Ind. 70; *Board, etc., v. Summerfield*, 36 Ind. 543; *Gordon v. Board, etc.*, 52 Ind. 322; *Tull, Treas., v. State*, 99 Ind. 238; *Board, etc., v. Pollard*, 17 Ind. App. 470; *Trant, Aud., v. State, ex. rel.*, 140 Ind. 414; *State, ex rel., v. Jamison, Aud.*, 142 Ind. 679.

None of these cases, however, touches the questions presented on this appeal.    The appointments of counsel referred to in them were made in criminal cases only.    These appointments, it is conceded in most of the decisions, were made, not upon any statutory authority, but by virtue of the inherent powers of the courts, and cogent reasons are given for the necessity of this power for the protection of the indigent defendant suffering under "the double misfortune of poverty, and the accusation of crime."

It cannot be said that this course of reasoning applies with equal force to a *civil* action, to which a poor person is a party and in which property rights only are at stake.    Besides, the legislature has not left the protection of the rights of the poor suitor in a civil action to the exercise of the inherent powers of the court as in criminal causes, but it has, by express statute, regulated the course of procedure in such instances.    When the applicant is admitted by the court to sue or defend as a poor person, counsel and all other officers requisite for the prosecution or defense of his suit are assigned him, and such attorney and officers are required to do

their duty therein without taking any fee or reward therefor from such poor person.

The statute must be understood to express the whole intention of the legislature, and, we think, that in its construction the maxim *expressio unius est exclusio alterius*, applies. The statute provides for and contemplates only gratuitous services on the part of the attorney and other officers. We do not think the courts are authorized to add to the statute the qualification that the fees of the attorney shall be allowed by the court, and paid by the county. Such a construction would, in our opinion, open the door to grave abuses, and might subject the revenues of the county to serious drains.

The statute refers to the attorney as one of the officers of the court, and such he doubtless is, and such he has always been considered. When admitted to practice, he takes an oath faithfully to perform his duties as an attorney of the court. One of those duties as defined by the statute is, "Never to reject from any consideration personal to himself the cause of the defenseless or oppressed." §979 Burns 1894, Sub. 8.

We cannot believe that the construction we have put upon this section will result in any practical hardship, or that the courts will have any difficulty in commanding the services of able and conscientious members of the bar, when such services are required for the protection of the poor and defenseless, whose rights or wrongs are the subjects of judicial inquiry in civil actions. The eager desire of young practitioners to take part in the exciting contests of the bar; the opportunity afforded to the ambitious to achieve reputation by a display of forensic talent; and the higher motives supplied by feelings of humanity and benevolence, will, as we believe, in every case, secure a prompt response to the appointment of the court where the gratuitous services of an attorney are called for.

It is objected by counsel for the appellee, that if the stat-

ute requires the attorney designated by the court to prose-cute or defend for an indigent person, in a civil action, with-out compensation, then the statute is in conflict with §21, article 1 of the Constitution of the State, which declares that no man's particular services shall be demanded without just compensation. The evident answer to this objection is, that the attorney cannot be *compelled* to perform the services, for the reason, at least, that the statute providing for his ap-pointment denies him compensation and, if he does render them at the request of the court, he does so voluntarily, and with the knowledge that he is to receive no fee or reward therefor. Having undertaken the employment, voluntarily and gratuitously, he has no ground for a claim to compensa-tion either from the poor person, or the county. In our opinion, the language of this statute excludes the idea that compensation shall be made to the attorney from any source, and we think the courts have no power under it to tax fees, or distribute rewards, when the statute declares that none is to be expected.

Judgment *reversed*, with instructions to the superior court of Howard county to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.