THE STATE, EX REL. PAYNE, *v*. KERR, AUDITOR ET AL.

[No. 19,660.    Filed February 27, 1902.]

COUNTIES.—*County Reform Law.—Allowance to County Superintendent.—Mandamus.*—An allowance made by the board of county commissioners to a county superintendent for his services in excess of the appropriation made therefor by the county council is not a judgment within the meaning of §28 of the county reform law (Acts 1899, p. 352).

From Monroe Circuit Court; *W. H. Martin*, Judge.

Mandamus by William V. Payne against Samuel Kerr, auditor of Monroe county, to compel him to convene the county council to make an appropriation to pay the balance of an amount allowed by the board of commissioners for the per diem of relator as county superintendent. From a judgment in favor of defendant, relator appeals. *Affirmed.*

*H. C. Duncan* and *I. A. Batman*, for appellant.
*Edwin Corr*, for appellees.

MONKS, J.—This action was brought by the relator to compel, by writ of mandamus, Samuel Kerr, auditor of Monroe county, to convene the county council of said county in special session, and the latter body, when so convened, to make an appropriation to pay the balance of an amount allowed by the board of commissioners of said county for the *per diem* of the relator as county superintendent. The court sustained a demurrer for want of facts to the petition and alternative writ, and final judgment was rendered in favor of appellees.

It appears from the allegations of the petition and alternative writ that the relator was county superintendent of

Monroe county, and had been allowed by the board of commissioners of said county for his services $100 in excess of the appropriation made therefor by the county council. It is alleged in the petition and alternative writ that said board of commissioners never, by any order, limited the number of days which relator should be employed as such superintendent in any year, or the number of days for which he should be paid; that relator demanded of the auditor of said county a warrant for said allowance, which said auditor refused; and that relator also demanded that he convene the county council in special session to make such appropriation, which demand was refused. This proceeding was brought upon the theory that the alleged allowance by the board of commissioners of Monroe county was a judgment, within the meaning of §28 of the county reform law (Acts 1899, p. 352), and that appellant was, therefore, authorized to maintain this action. But such an allowance is not a judgment, within the meaning of said §28. Acts 1899, p. 352, §25; *Board, etc.,* v. *Heaston,* 144 Ind. 583, 55 Am. St. 192. The word judgment as used in said §28 has reference to the kind of judgment mentioned in §27 (Acts 1899, p. 352), where the court has jurisdiction of the parties, of the subject-matter of the action, and the judgment is rendered in favor of some person against the county in its corporate name.

The other questions in this case are ruled by the case of *State, ex rel.,* v. *Monroe County Council, ante,* 102.

Judgment affirmed.