## The Board of Commissioners of Miami County et al. *v.* Mowbray.

[No. 19,986.   Filed January 29, 1903.]

COUNTIES.—*County Reform Law.—Attorney's Fees.—Allowance by Court. —Mandamus.*—Under §5594g1 Burns 1901, courts have no power to bind the county for attorney's fees for services rendered in criminal cases beyond the amount of the existing appropriation for that purpose, and an action will not lie against the county to recover for services in such case and to compel the county council by mandate to make an appropriation to pay the same and the county auditor to issue a warrant therefor. *pp. 11–16.*

MANDAMUS.—*Process.—Summons.—Alternative Writ.*—The mode of acquiring jurisdiction over the defendant in a proceeding for a writ of mandate is not by the service of an ordinary summons, but by service of an alternative writ of mandate as provided by §1184 Burns 1901. *p. 14.*

APPEAL AND ERROR.—*Motion to Quash Summons.—Answer.—Waiver.*— Defendant in a mandamus proceeding did not waive the right to present for review the action of the court in overruling a motion to quash the summons by afterward filing a demurrer and an answer to the merits of the cause. *p. 15.*

From Miami Circuit Court; *J. T. Cox*, Judge.

Action by William E. Mowbray against the board of commissioners of Miami county and others. From a

judgment for plaintiff, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*John Mitchell, H. P. Loveland* and *R. J. Loveland,* for appellants.

*E. T. Reasoner* and *John W. O'Hara,* for appellee.

MONKS, J.—Appellee brought this action against appellants, the board of county commissioners of Miami county, Clarkson Macy the auditor of said county, and the county council, to recover a judgment against said county for services rendered by appellee as an attorney in defense of a person charged with the crime of rape, in the circuit court of said county, under an appointment by said court, and to compel said county council, by writ of mandate, to make an appropriation to pay the same, and to compel the said auditor to issue a warrant therefor on the county treasurer. A trial of said cause resulted in a judgment against appellants as prayed for in the complaint.

It was alleged in the complaint "that appellee was appointed by the Miami Circuit Court, at its April term, 1900, to render services as an attorney in the defense of Frank L. Rennols, charged in said court with the crime of rape; that he accepted said appointment, and rendered services as attorney in said cause of the value of $250, a bill of particulars of which is filed herewith, and marked exhibit A; that on the 2d day of July, 1900, said court made an allowance of $250 for said services; that on July 2, 1900, appellee presented a certified copy of said allowance to the auditor of said county, who issued a warrant for $45, which sum was paid to appellee; that appellee demanded of said auditor a warrant on the treasurer of said county for the residue of the amount of said allowance remaining unpaid, but said auditor refused, and still refuses, to issue a warrant therefor, for the reason that there is no money in the treasury of the county appropriated by the county council to pay the same; that in making estimates of court expenses for the year ending December 31, 1900, the clerk

of the Miami Circuit Court estimated an amount necessary to pay attorney's fees in criminal and civil cases at $1,000, but the appropriation therefor by the county council of said county was only $500; that at the meeting of said county council in August, 1900, the attention of said council was called to said matter, and they were asked by said appellee to make an appropriation of $205 for the payment of said deficiency, but said council neglected and refused, and still refuses, to make an appropriation therefor; that afterwards, on September 7, 1900, appellee caused said claim, duly verified by his affidavit, to be filed by the auditor of said county in the office of said auditor for allowance by said board of commissioners, but said board failed, neglected, and refused to allow said claim, or any part thereof, and still fails, neglects, and refuses to make any order for the payment of the same, for the reason that no appropriation therefor has been made by said county council; that said sum of $205 is now due and unpaid, together with interest."

A county is a subdivision of the State, created by the sovereign power for governmental purposes. Such subdivisions are instrumentalities of government and exercise the powers delegated by the State. 7 Am. & Eng. Ency. Law (2d ed.), 900 et seq.; White v. Board, etc., 129 Ind. 396; Board, etc., v. Daily, 132 Ind. 73; Board, etc., v. Rickel, 106 Ind. 501, 503; Dillon, Mun. Corp. (3d ed.), §§23, 53; 1 Beach, Pub. Corp., §8. If such powers are delegated by the legislature, and not by the Constitution, the legislature may enlarge, diminish, or withdraw the same entirely, in the absence of a constitutional restriction.

The act approved March 3, 1899 (Acts 1899, pp. 343-365, §§5594g-5594e2 Burns 1901), commonly known as the county reform law, made many radical changes in the manner of doing county business, and as to the powers of boards of commissioners, officers, and courts to create a liability against the county. It is provided by §27 of said

act (§5594g1 Burns 1901) that: "No court, or division thereof, of any county, shall have power to bind such county by any contract, agreement, or in any other way, except by judgment rendered in a cause where such court has jurisdiction of the parties and subject-matter of the action, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of such court, and for the purpose for which such obligation is attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort attempted beyond such existing appropriations shall be absolutely void." Before the enactment of said county reform law, it was held that the circuit court had authority to assign counsel to defend poor and destitute persons charged with crime in such court, and bind the county therefor. The allowance by such court for such services, however, was not conclusive against said county, but only *prima facie* evidence that the services were so rendered. *Board, etc., v. Pollard,* 153 Ind. 371-373, and cases cited. It was held, hewever, in said case, that such court had no power to make an allowance to an attorney appointed by the court as counsel for a poor person in a civil action, for the reason that the legislature had not left the protection of the rights of the poor suitor in a civil action to the exercise of the inherent powers of the court, as in criminal causes, but had, by §261 Burns 1901, §260 R. S. 1881 and Horner 1901, expressly regulated the procedure in such cases. By said §27, *supra,* the legislature has limited the power of courts, so that in criminal cases they have no power to bind the county for attorney's fees for services rendered in criminal cases, beyond the amount of the existing appropriation for that purpose. *Turner v. Board, etc.,* 158 Ind. 166.

It appears from the complaint that all of the amount appropriated by the county council for the purpose of paying for services of attorneys in defending poor persons charged with crime had been expended, except $45, at the

time appellee rendered the services mentioned. Appellee was bound to take notice of the law on this subject,—that the court had no power to bind the county beyond that amount. Having voluntarily performed the services sued for, with such knowledge, appellee has no ground to claim compensation in excess of the amount of $45, which the complaint shows he has received from the county. *Board, etc.,* v. *Pollard,* 153 Ind. 371, 375. It is evident that the court erred in overruling the demurrer of the board of commissioners to the complaint for want of facts.

It appears from the record that the process issued and served upon the Miami county council, one of the appellants, was a summons in the ordinary form, and not an alternative writ of mandate. The Miami county council, by its attorneys, entered a special appearance to said proceeding in the court below, and filed a motion to quash said summons, for the reason that it was an ordinary summons, and not an alternative writ. This motion the court overruled, to which said appellant reserved an exception. This ruling of the court is assigned as error in this court.

The mode of acquiring jurisdiction over the defendant in a proceeding for a writ of mandate is not by the service of an ordinary summons, but by service of an alternative writ of mandate. §1184 Burns 1901, §1170 R. S. 1881 and Horner 1901; *Wren* v. *City of Indianapolis,* 96 Ind. 206, 211; *Potts* v. *State, ex rel.,* 75 Ind. 336, and cases cited; *Jessup* v. *Carey,* 61 Ind. 584, 590. See, also, *Johnson* v. *Smith,* 64 Ind. 275, 280; 13 Ency. Pl. & Pr., 760-762; Works' Prac. (3d ed.), §§217, 1447, 1448. In *Jessup* v. *Carey, supra,* at page 590, it was said: "It does not appear from the record that an alternative writ of mandate was applied for or issued in this action; but the appellants appeared, probably in obedience to an ordinary summons, and demurred to and answered the appellee's verified complaint, as containing his cause of action. The proceeding is certainly informal and defective in its inception. The suit

should have been commenced in the name of the State of Indiana, upon the relation of the appellee; and, upon his affidavit filed, the appellee should have moved the court for an alternative writ of mandate, requiring the appellant Jessup, as sheriff, to execute and deliver to him a deed of the real estate described in his certificate, or show sufficient cause, in his return to said writ, why he failed or refused so to do. This alternative writ of mandate would then have constituted the plaintiff's complaint, or cause of action; and upon it issues of law or fact might have been joined, as in other cases. *Board, etc., v. State, ex rel.,* 61 Ind. 75; and *Board, etc., v. State, ex rel.,* 61 Ind. 379."

The issuance and service of the alternative writ may be waived by a full appearance to the action. *Wren v. City of Indianapolis,* 96 Ind. 206, 211; *Pfister v. State, ex rel.,* 82 Ind. 382. In this case, said appellant, after the court overruled its motion to quash said summons, filed a demurrer to the complaint, which was overruled, after which it filed an answer to the merits of the cause, and thus entered a full appearance to the action; but said appellant did not thereby waive its right to present for review said ruling of the court on the motion to quash said summons. *American, etc., Ins. Co. v. Mason,* 159 Ind. 15, and cases cited; 2 Ency. Pl. & Pr., 629, 630; 3 Cyc. Law & Proc., 525, 526; Elliott, App. Proc., §§677, 678; *Perkins v. Hayward,* 132 Ind. 95, 100, 101; *Chandler v. Citizens Nat. Bank,* 149 Ind. 601, 603. It follows that the court below erred in overruling the motion to quash said summons. The action of the court in overruling the motion of appellant Macy, county auditor, to quash said summons as to him was erroneous for the same reason.

As the facts alleged in the complaint did not show that appellee, in a court having jurisdiction of the parties and the subject-matter of the action, had recovered a judgment against the county, in its corporate capacity, for his said services as attorney in said cause, the same was not

sufficient to withstand the demurrer for want of facts of the Miami county council, and the court therefore erred in overruling said demurrer. *State* v. *Kerr,* 158 Ind. 155.

The action against the county auditor proceeds upon the theory that it is his duty to issue a warrant in favor of appellee for the amount of his claim, when the same is appropriated by the county council. As the complaint is not sufficient against the county council, it follows that it was not sufficient against said auditor. The court therefore erred in overruling the demurrer of the appellant Macy, auditor of said county, to the complaint.

Judgment reversed, with instructions to sustain the demurrer of the board of commissioners to the complaint, and to sustain the motions of the county council and Macy, auditor, to quash the summons.

Gillett, J., concurs in the result.