STATE EX REL. MILLER *v.* BENDER, SHERIFF.

[No. 15,332. Filed May 11, 1936.]

*Theodore J. Louden* and *Robert G. Miller*, for appellant.

*Regester & Regester,* for appellee.

KIME, P. J.—This was an action by a complaint in one paragraph alleging that the relator had purchased certain real estate at a sale by a sheriff upon an order of court ordering the sale in the foreclosure of a mechanic's lien as lands are now sold on execution. That the sheriff issued to him a certificate therefor; that shortly after the expiration of the year provided for redemption he presented the certificate to the sheriff and demanded the sheriff's deed in lieu thereof and that the sheriff refused to execute such deed. The complaint set out in detail how the judgment, upon which the order of sale issued, was procured and that all the steps necessary were followed as prescribed by statute and prayed for a writ of mandate ordering and directing the sheriff to execute said deed.

This was answered by a general denial and a second paragraph of answer alleging that the judgment debtor never owned the described real estate and that the judgment was never a lien on such described realty.

Trial was had by the court, who found for the appellee and rendered a judgment against the relator for costs. A motion for new trial was filed and overruled. The grounds of the motion were that the finding was not sustained by sufficient evidence and that the finding was contrary to law. The overruling of the motion for new trial is the only error assigned for reversal.

The statute provides: "Whenever any real estate or interest therein shall be sold by the sheriff on execution or decretal order, he shall issue to the purchaser (or, if the real estate be sold in parcels to different purchasers, to each purchaser) a certificate of purchase. Such certificate shall show the court in which the judgment or decree was rendered, the parties thereto and date thereof, the dates of the execution and sale, the name of the owner and purchaser, and price paid; and

shall contain a particular description of the premises and the estate therein sold, whether in fee, for life, or for years, and shall state the time when the purchaser will be entitled to a conveyance of the property. The sheriff making such sale shall prepare and sign a duplicate of such certificate of purchase, and forthwith deliver it to the clerk of the circuit court of the county in which such real estate is situate. Such clerk shall immediately record the certificate in the 'Lis Pendens Record' kept in his office. The certificate shall be assignable by indorsement, and shall entitle the purchaser, his heirs, devisees or assigns, to a conveyance of the estate in said real property bought by such purchaser, at the expiration of one (1) year from the date of his purchase unless the same shall have been previously redeemed as hereinafter provided. Any assignment of such certificate, duly acknowledged as in case of deeds, shall, together with the acknowledgement, be recorded by the clerk in the 'Lis Pendens Record' at the request of the assignee, and on the payment or tender of the fees allowed therefor." Sec. 2-3909, Burns 1933, §622, Baldwin's 1934, Acts 1881 (Spec. Sess.), ch. 88, §1, p. 593.

It is the duty of the sheriff after the year of redemption, if the property had not been redeemed as provided for by statute, to execute to the certificate holder, upon demand, a sheriff's deed to the property described in the certificate. Sec. 619, Baldwin's 1934, §2-4101, Burns 1933, Acts 1881 (Spec. Sess), ch. 38, §546, p. 240.

The Supreme Court, in the case of *Jessup et al.* v. *Carey* (1878), 61 Ind. 584, 592, said: "It is clear, we think, that, if the appellee was the holder of the certificate of purchase described in his verified complaint, and if at the expiration of one year from the date of the sale mentioned in said certificate, the property sold had not been previously redeemed, as provided for in the first section of said act, then it was the duty of the

appellant Jessup, resulting from his office of sheriff, to execute to the appellee a deed of conveyance of said property; and if, in such case, upon the appellee's reasonable request, the appellant Jessup, as such sheriff, failed or refused to execute such deed, he could be compelled by a writ of mandate to perform his official duty in the premises.

"It is evident from the averments of his complaint that the appellee was the holder of said certificate of purchase, and that, at the expiration of one year from the date of the sale therein mentioned, he had requested the appellant Jessup, as such sheriff, to execute to him a deed of the property described in said certificate."

The evidence shows throughout the entire proceedings wherein the judgment ordering the foreclosure was involved that the property was described in the same manner and that the certificate was issued using the same description, which is as follows:

"A part of the southwest quarter of section thirty-one (31), township nine (9) north, range one (1) west, described as follows: Beginning at a point where the north right of way of the Illinois Central Railroad Company intersects the line dividing the east and west halfs of the southeast quarter of the said section thirty-one (31), thence running northeast with the north line of the Illinois Central right of way line to the east section line of the said southeast quarter, thence north on the said east section line to the Chicago, Indianapolis and Louisville Railway Company's right of way, thence west with the south line of the right of way of the Chicago, Indianapolis and Louisville Company to a point directly north of the place of beginning, thence south to the place of beginning, containing sixty-seven and one-half acres, more or less."

The appellee as a defense introduced evidence by the county surveyor that this described property was not in the southwest quarter of section 31 but that it was in the southeast quarter of section 31. The surveyor also testified that the property was cor-

rectly described by metes and bounds. The defense was solely that because at the outset of the description the word "southwest" instead of "southeast" was used that there was not a proper description of the lands and consequently the sheriff should not be forced to execute a deed. This was the reason he refused to execute the deed. Whether or not this is a proper description is not necessary to the decision here. The execution of the deed by the sheriff here is a ministerial act and the statute provides that it shall be the duty of the sheriff to execute such deed when the certificate has been presented and no redemption has been had prior thereto. ". . . Where there is a duty *purely ministerial, and not discretionary,* devolved by law upon the public officers of a state, and the refusal or neglect to perform the duty affects a specific legal right, the person thereby injured may have a *mandamus.*" *Gray, Governor et al.* v. *The State ex rel. Coghlen* (1880), 72 Ind. 567, 577.

The judgment of the Monroe Circuit Court is reversed with instructions to grant appellant's motion for a new trial and for such further proceedings as are consistent with this opinion.